**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION** | **MDL No. 3113** |

**MEMORANDUM OF PLAINTIFF STACEY KURTZ IN OPPOSITION TO AMENDED MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA AND IN SUPPORT OF 28 U.S.C. § 1407 TRANSFER AND CENTRALIZATION IN THE DISTRICT OF NEW JERSEY**

**TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ........................................................................... 1

II.     PROCEDURAL AND FACTUAL BACKGROUND........................................... 2

III.    THE RELATED ACTIONS SHOULD BE CENTRALIZED FOR PRETRIAL
        PURPOSES........................................................................................................ 5

IV.     THE RELATED ACTIONS SHOULD BE CENTRALIZED IN THE DISTRICT OF
        NEW JERSEY, RATHER THAN IN THE NORTHERN DISTRICT OF CALIFORNIA 5

        A.      The Government Case by Federal and State Enforcers is Pending in the District of
                New Jersey ......................................................................................... 5

        B.      The District of New Jersey is Home to the First-Filed Related Action and the
                Majority of Related Actions................................................................ 6

        C.      The District of New Jersey Cases are More Procedurally Advanced .................... 7

V.      THE FIRST-FILED CALIFORNIA PLAINTIFFS MAKE COMPELLING
        ARGUMENTS IN FAVOR OF TRANSFER TO THE DISTRICT OF NEW JERSEY... 8

VI.     THE DISTRICT OF NEW JERSEY PRESENTS AN ACCESSIBLE METROPOLITAN
        FORUM THAT IS WELL-EQUIPPED TO HANDLE THIS MDL................................. 8

VII.    THE PANEL SHOULD ASSIGN THE RELATED ACTIONS TO JUDGE NEALS...... 8

VIII.   CONCLUSION.................................................................................................... 9

I.      PRELIMINARY STATEMENT

Movants jumped the gun by moving to transfer the Related Actions to its home jurisdiction and things have gotten no better for them in the interim.  The case for transfer to the District of New Jersey was stronger then and is even stronger now.  There was not a good argument for transfer to the Northern District of California when Movant originally filed over a holiday weekend on Saturday, March 30, 2024 (ECF No. 1); a worse for case for such transfer when Movant filed its Amended Motion to Transfer on April 6, 2024 (ECF No. 6); and there is no good reason for transferring the Related Actions to the Northern District of California now.

Plaintiff Stacey Kurtz ("Plaintiff") respectfully submits this Memorandum in Opposition to the Motion to Transfer her Related Action and more than a dozen other Related Actions under 28 U.S.C. § 1407 to the Northern District California.  While the Related Actions should be centralized; it is the Related Actions in the Northern District of California that should be transferred to the District of New Jersey.

There are particularly good reasons for the Panel to select the District of New Jersey as the transferee district here.  The District of New Jersey is where the most Related Actions are pending, where the first-filed Related Action is pending, where the cases are most procedurally advanced, and, perhaps most importantly, where the government action brought by United States Department of Justice ("DOJ") and the Attorneys General of the States of California and numerous other States, upon which all Related Actions are based, also is proceeding.

On the other hand, even the first-filed California plaintiffs have indicated they prefer to litigate in the District of New Jersey, and Defendant has indicated it has no preference.  Plaintiffs in the first-filed California case seek 28 U.S.C. § 1407(a) transfer to the District of New Jersey; Defendant Apple Inc. ("Apple") does not oppose such transfer to the District of New Jersey.  Chief

Judge Richard Seeborg has stayed the Northern District of California case, where it and the other California cases have not progressed, unlike in the Related Actions in the District of New Jersey.

Movant's procedural gambit has failed; the *Apple Smartphone Antitrust Litigation* should be centralized for consolidated or coordinated pretrial proceedings in the District of New Jersey.

## II.    PROCEDURAL AND FACTUAL BACKGROUND

On March 21, 2024, the DOJ and the State Attorneys General of the States of New Jersey, California, Minnesota, Arizona, Connecticut, Maine, Michigan, New Hampshire, New York, North Dakota, Oklahoma, Oregon, Tennessee, Vermont, Wisconsin, and the District of Columbia filed what has been described as a "landmark" antitrust case against Apple. *United States of America, et al. v. Apple Inc.*, No. 2:24-cv-04055 (D.N.J. Mar. 21, 2024). The federal and state enforcers allege that Apple has a monopoly and has overcharged iPhone consumers.

The next day those iPhone consumers started filing class action complaints against Apple based on the government case in New Jersey to recover those monopoly overcharges alleged by the government to have been paid by consumers. The first-filed class action following the governmental case was filed in the District of New Jersey. Over the next several days, a number of other consumers, including Plaintiff, filed class actions in the District of New Jersey, in the same Division of the District of New Jersey where the government case is pending. Each of those were assigned to the same District Judge overseeing the government action. Cases continue to be filed in the District of New Jersey and continue to be assigned to the same District Judge and Magistrate Judge as all others are assigned in the District of New Jersey.

Though the litigation is in its infancy, the District of New Jersey Related Actions are relatively more procedurally advanced. On April 19, 2024, Magistrate Judge Wettre held an initial status conference for all of the District of New Jersey cases. Plaintiff, through her undersigned counsel, appeared at the hearing. Written responses to matters raised in District of New Jersey

2

hearing are due April 30, 2024.  The District of New Jersey plaintiffs, including through the undersigned counsel, have conferred with Apple concerning pretrial matters.

Meanwhile, the Northern District of California first-filed case is stayed.  Moreover, first-filed California plaintiffs have actually moved to transfer their case voluntarily to the District of New Jersey.  *See* Unopposed Motion to Transfer, ECF No. 10, *Collins v. Apple, Inc*., No. 3:24-cv-01796, (N.D. Cal. Apr. 4, 2024).  Before the unopposed transfer to New Jersey could be ordered, Chief Judge Seeborg stayed the first-filed California case, and, therefore, the transfer motion will not be heard or acted upon until this Panel rules on Section 1407 transfer.  *See* Order Staying Case, ECF No. 15, No. 3:24-cv-01796 (Apr. 15, 2024).  The Northern District of California case thus remains in equipoise, while other California cases continue to be spread among a number of Divisions, District Judges, and Magistrate Judges.

In their Section 1404(a) motion, the California plaintiffs make the case for transfer and centralization in the District of New Jersey by the Panel under Section 1407.  The California plaintiffs contend in their motion the following and more:

- "Given the government plaintiffs' choice of venue and the number of actions pending in New Jersey. . . [t]ransfer to New Jersey would best serve the interests of justice and convenience of the parties."

- "Specifically, transfer would (1) facilitate the coordination of discovery; (2) allow the different sets of plaintiffs to prosecute their actions on a similar timeline; (3) minimize the possibility of inconsistent rulings or judgments; and (4) conserve judicial resources by consolidating proceedings in a single jurisdiction. What's more, Apple has stated that it takes no position on venue and would not oppose this motion to transfer."

- "Apple, one of the country's largest companies, conducts significant business in New Jersey, with many retail stores located in the state.  And by not opposing this motion, Apple does not contest that venue would be appropriate in the District of New Jersey. In short, because Apple would be

subject to the district court's personal jurisdiction in New Jersey, venue is appropriate in New Jersey."

- "Transfer to New Jersey would place the [California] action in the same district as the first-filed DOJ action and the later-filed New Jersey class actions. This would allow the [California] plaintiffs to better coordinate their prosecution with the government plaintiffs and counsel for the other plaintiffs in New Jersey."

- "By all proceeding in the same district, the cases would run on similar schedules, proceed under the same case management, discovery, and protective orders, and receive the same rulings on common issues. The plaintiff groups could also coordinate their discovery requests, depositions, and motion practice to avoid duplicative efforts and prosecute the case more efficiently. These efficiency gains weigh heavily in favor of transfer to New Jersey."

- "[T]ransfer to New Jersey would both respect the government plaintiffs' choice of forum and also best serve the convenience of the parties. The DOJ action, [California] action[s], and other New Jersey class actions would run on similar schedules and be subject to the same orders and rulings. And the parties could best coordinate their discovery efforts, motion practice, and prosecutions."

ECF No. 10, No. 3:24-cv-01796, at 1-5.  Plaintiff couldn't agree more.

At the time of this filing, twenty-four complaints alleging largely the same scheme to monopolize the markets for smartphones as the government have been filed.  If experience is a guide, many more will follow.  There can be no debate that the Related Actions will benefit from nationwide centralization.  This is the archetypal antitrust case, for which the Judicial Panel on Multidistrict Litigation literally was first created.  *See In re Multidistrict Private Civil Treble Damage Litigation Involving Library Editions of Children's Books*, 297 F. Supp. 385, 386 (J.P.M.L. 1968) (Wisdom, J.) (Section 1407 "based on the experience of the Coordinating Committee in supervising nationwide discovery proceedings in the electrical equipment cases which flooded the Federal courts in the early 1960's").

4

The only question, therefore, is venue.  On the one hand, the District of New Jersey is where the DOJ and State Attorneys General case against Apple is being litigated; where the first-filed and largest number of Related Actions are pending; and where the Related Actions are all before the same Judge, with pretrial proceedings underway.  On the other hand, the Northern District of California is where the first-filed plaintiffs have sought voluntarily to transfer to New Jersey; where the Chief Judge has stayed that case; and where other cases are dispersed among various Divisions before a number of different District Judges and Magistrate Judges.

## III.    THE RELATED ACTIONS SHOULD BE CENTRALIZED FOR PRETRIAL PURPOSES

There can be no dispute that the Related Actions should be centralized.  Where, as here, multiple actions pending in different judicial districts concern common questions of fact, such actions should be centralized in one district for pretrial proceedings under 28 U.S.C. § 1407.  In particular, "[a]ntitrust actions present a category of actions that the Panel almost inevitably orders transferred if there are multiple actions pending in different districts." FED. JUD. CTR., MULTIDISTRICT LITIGATION MANUAL (FOURTH) § 5:1 (2010).  As in a prior Apple antitrust MDL involving contemporaneous government and class litigation, "[c]entralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary." *In re Elec. Books Antitrust Litig.*, 846 F. Supp. 2d 1378, 1379 (J.P.M.L. 2011).

## IV.    THE RELATED ACTIONS SHOULD BE CENTRALIZED IN THE DISTRICT OF NEW JERSEY, RATHER THAN IN THE NORTHERN DISTRICT OF CALIFORNIA

### A.    The Government Case by Federal and State Enforcers is Pending in the District of New Jersey

Where, as here, multiple antitrust class actions follow on government proceedings, the Panel routinely selects the District where the government action is pending for centralization and

has done so throughout its history where private actions have followed government civil or criminal actions. *See, e.g.*, *In re Liquid Aluminum Sulfate Antitrust Litig.*, 159 F. Supp. 3d 1382, 1383 (J.P.M.L 2016) (transfer to District of New Jersey where "related criminal action is pending"); *In re Toilet Seat Antitrust Litig.*, 387 F. Supp. 1342, 1344 (J.P.M.L. 1975) (transfer to Eastern District of Michigan where government civil action located).

Moreover, it should not be lost that the Attorney General for the State of California and other States chose to file with the DOJ in the District of New Jersey. The choices of the State Attorneys General are entitled to deference since neither the federal nor the state actions can be transferred under recently enacted Section 1407(g), which provides that "[n]othing in this section shall apply to any action in which the United States or a State is a complainant arising under the antitrust laws." This is all the more reason to select the District of New Jersey as the transferee district for consolidated or coordinated proceedings before one Article III Judge and one Magistrate Judge.

### B. The District of New Jersey is Home to the First-Filed Related Action and the Majority of Related Actions

The Panel should centralize the Related Actions in the District of New Jersey since, as demonstrated by a number of indicators, it is the "preference of most of the parties." *In re Sugar Indus. Antitrust Litig.*, 395 F. Supp. 1271, 1274 (J.P.M.L. 1975). Following the lead of the government case on which all Related Actions are based, the first-filed action was filed in the District of New Jersey. *See In re Mosaid Techs. Inc., Pat. Litig.*, 283 F. Supp. 2d 1359, 1360-61 (J.P.M.L. 2003) (denying motion to transfer to Northern District of California and instead transferring to District of New Jersey; "We are persuaded that the District of New Jersey is an appropriate transferee forum for this litigation. We note that the first-filed action is already proceeding apace in that district.").

Unsurprisingly, the District of New Jersey is where the most Related Actions are pending, which also favors the District of New Jersey.  *See, e.g.*, *In re Liquid Aluminum Sulfate Antitrust Litig.*, 159 F. Supp. 3d 1382, 1383 (J.P.M.L. 2016) (transfer to District of New Jersey where "a majority of actions already are pending there").  At the time of this filing, there are twelve (12) Apple cases pending in the District of New Jersey (including the DOJ and State government enforcers' case), ten in the Northern District of California, and one each in the District of Minnesota and Northern District of Illinois.

**C.     The District of New Jersey Cases are More Procedurally Advanced**

Even though all Related Actions have been filed only within the past month, the District of New Jersey cases are more procedurally advanced than those pending elsewhere, which also favors transfer there.  *See, e.g.*, *In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Pracs. & Prod. Liam. Litig.*, 220 F. Supp. 3d 1356, 1359 (J.P.M.L. 2016) (transfer to District of New Jersey, where "most procedurally-advanced action" located).  All District of New Jersey cases are in the same Newark Division.  All are pending before the Judge Julien X. Neals and Magistrate Judge Leda D. Wettre.

On April 19, 2024, Judge Wettre held an initial status conference for all District of New Jersey Related Actions.  Plaintiff through her undersigned counsel appeared.  Written responses to matters raised in District of New Jersey hearing are due April 30, 2024.  The District of New Jersey plaintiffs, including undersigned counsel, have conferred with Apple concerning pretrial matters during this pre-centralization stage.  The District of New Jersey plaintiffs have entered into a joint stipulation with Apple extending the time in which it is to respond to the District of New Jersey complaints to facilitate coordination.  The extension is not a general stay—additional pretrial actions may be taken to continue to advance the District of New Jersey cases, while the transfer motion remains before this Panel.

By contrast, the Northern District of California are either stayed in their entirety or have not meaningfully progressed.  They are spread among a number of Divisions, and Judges, and Magistrates.  Even the first-filed California plaintiffs have indicated they want to come to the District of New Jersey and Apple did not object.

## V.     THE FIRST-FILED CALIFORNIA PLAINTIFFS MAKE COMPELLING ARGUMENTS IN FAVOR OF TRANSFER TO THE DISTRICT OF NEW JERSEY

As detailed above, in seeking transfer of their own case from California to New Jersey, the first-filed California plaintiffs' make a compelling argument for centralization in the District of New Jersey.  As they aptly conclude their Section 1404(a) motion, which is now stayed with the rest of their Northern District of California case:

> [T]ransfer to New Jersey would both respect the government plaintiffs' choice of forum and also best serve the convenience of the parties. The DOJ action, [California] action[s], and other New Jersey class actions would run on similar schedules and be subject to the same orders and rulings. And the parties could best coordinate their discovery efforts, motion practice, and prosecutions.

ECF No. 10, No. 3:24-cv-01796, at 5.

## VI.    THE DISTRICT OF NEW JERSEY PRESENTS AN ACCESSIBLE METROPOLITAN FORUM THAT IS WELL-EQUIPPED TO HANDLE THIS MDL

The Panel routinely transfers MDLs to the District of New Jersey, recognizing that the District of New Jersey "offers an accessible metropolitan location," *In re Ins. Brokerage Antitrust Litig.*, 360 F. Supp. 2d 1371, 1373 (J.P.M.L. 2005), and that the District of New Jersey is "well equipped with the resources that this complex antitrust docket is likely to require."  *In re Hypodermic Prod. Antitrust Litig.*, 408 F. Supp. 2d 1356, 1357 (J.P.M.L. 2005).

## VII.   THE PANEL SHOULD ASSIGN THE RELATED ACTIONS TO JUDGE NEALS

Centralization before Judge Neals would "assign this litigation to an able jurist who has not yet had the opportunity to preside over an MDL."  *In re TransUnion Rental Screening Sols.,*

*Inc., Fair Credit Reporting Act Litig.*, 437 F. Supp. 3d 1377, 1378 (J.P.M.L. 2020).  The Court

should be "confident that the judge will steer this litigation on a prudent course." *In re FieldTurf*

*Artificial Turf Mktg. & Sales Pracs. Litig.*, 254 F. Supp. 3d 1379, 1380 (J.P.M.L. 2017).

## VIII.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Amended Motion to

Transfer the Related Actions to the Northern District of California be DENIED and that the Related

Actions instead be transferred to and centralized in the United States District Court for the District

of New Jersey before the Honorable Julien X. Neals.


Dated: April 25, 2024                                   Respectfully submitted.

*s/ Peter A. Barile III*
Peter D. St. Phillip, Jr.
Vincent Briganti
Raymond P. Girnys
Peter A. Barile III
Peter Demato
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone.: (914) 997-0500
Facsimile: (914) 997-0035
pstphillip@lowey.com
vbriganti@lowey.com
rgirnys@lowey.com
pbarile@lowey.com
pdemato@lowey.com

9