**BEFORE THE**
**UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: APPLE INC. SMARTPHONE LITIGATION ANTITRUST | MDL No. 3113 |

**RESPONSE OF PLAINTIFF LOUIS LEVINE**
**IN OPPOSITION TO THE MOTION OF THE CHIUCHIARELLI PLAINTIFFS TO**
**TRANSFER ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA**
**AND IN SUPPORT OF TRANSFER OF ACTIONS TO THE UNITED STATES**
**DISTRICT COURT FOR DISTRICT OF NEW JERSEY FOR COORDINATED OR**
**CONSOLIDATED PROCEEDINGS PURSUANT TO 28 U.S.C. §1407**

**TABLE OF CONTENTS**

Page

INTRODUCTION ...................................................................................................1

I.     OVERVIEW OF THE RELATED ACTIONS.................................................1

       A.     Common Questions of Fact ................................................................2

       B.     Common Claims, Legal Theories, and Relief Sought ............................2

       C.     Class Definitions Are Similar or Identical ............................................3

       D.     The Procedural Posture of All Related Actions is Similar or Identical ...................4

II.    CENTRALIZATION OF THE RELATED ACTIONS IS WARRANTED
       UNDER 28 U.S.C. § 1407 .........................................................................4

III.   THE PANEL SHOULD TRANSFER THE RELATED ACTIONS TO THE
       DISTRICT OF NEW JERSEY ...................................................................4

       A.     The District of New Jersey is Convenient Because of Its Accessibility .................5

       B.     Convenience of the Parties and Witnesses.............................................5

       C.     The Location of Witnesses and Evidence ..............................................6

       D.     The Positions of the Parties...................................................................6

       E.     Interests of Justice: Risk of Inconsistent Judgments and Judicial Economy ...........7

              1.     Risk of Inconsistent Rulings .......................................................8

              2.     Judicial Economy........................................................................8

       F.     The Experience of the Transferee Judge and District in Navigating
              the Nuances of Complex and Multidistrict Litigation .............................9

CONCLUSION ...................................................................................................10

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                          **Page(s)**

*Bd. of Trustees v. Baylor Heating & Air Conditioning, Inc.*,
    702 F. Supp. 1253 (E.D. Va. 1988))........................................................................7

*Bernard v. I.C. Sys.*,
    2023 U.S. Dist. LEXIS 32923, 2023 WL 2263599 (D.N.J. Feb. 27, 2023) ...........................10

*Chiuchiarelli, et al. v. Apple Inc.*,
    No. 24-cv-01895 (N.D. Cal.)..........................................................................1, 3, 4, 10

*Clough v. Plymouth Rock Mgmt. Co. of N.J.*,
    2023 U.S. Dist. LEXIS 231400 (D.N.J. Dec. 29, 2023) ........................................10

*Galicki v. New Jersey*,
    2023 U.S. Dist. LEXIS 42482, 2023 WL 2496503, (D.N.J. March 13, 2023) ........................10

*Goldfus v. Apple, Inc.*,
    No. 24-cv-04108 (D.N.J.)..........................................................................3, 6

*In re: Aggrenox Antitrust Litig.*,
    11 F. Supp. 3d 1342 (J.P.M.L. 2014) ................................................................5

*In re Desloratadine Pat. Litig.*,
    502 F. Supp. 2d 1354 (J.P.M.L. 2007) ..............................................................10

*In re Insulin Pricing Litig.*,
    2023 WL 5065090 (J.P.M.L. Aug. 3, 2023) .........................................................9

*In re Invokana (Canagliflozin) Prod. Liab. Litig.*,
    223 F. Supp. 3d 1345 (J.P.M.L. 2016) ..............................................................9

*In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.*,
    220 F. Supp. 3d 1356 (J.P.M.L. 2016) ..............................................................8

*In re Plavix Mktg., Sales Practices & Prods. Liab. Litig. (No. II)*,
    923 F. Supp. 2d 1376 (J.P.M.L. 2013) ..............................................................8

*In re Proton-Pump Inhibitor Prod. Liab. Litig. (No. II)*,
    261 F. Supp. 3d 1351 (J.P.M.L. 2017) ..............................................................10

*In re Samsung Customer Data Security Breach Litigation*,
    655 F. Supp. 3d 1368 (J.P.M.L. 2023) ..............................................................10

**Cases**                                                                      **Page(s)**

*In re Sprint Premium Data Plan Marketing and Sales Practices Litigation*,
2011 U.S. Dist. LEXIS 44554 (J.P.M.L. Apr. 18, 2011) ........................................................9

*In re Vehicle Carrier Services Antitrust Litigation*,
978 F. Supp. 2d 1382 (J.P.M.L. 2013) ..................................................................................5

*In re Verizon Wireless Data Charges Litigation*,
701 F. Supp. 2d 1380 (J.P.M.L  2010) ..................................................................................9

*Levine v. Apple Inc.*,
No. 24-cv-4284, (D.N.J.)................................................................................................1, 3, 6, 10

*Maher v. Amag Pharms., Inc.*,
2024 U.S. Dist. LEXIS 59300, 2024 WL 1376685 (D.N.J. March 28, 2020) .........................10

*Samsung Elecs. Co. v. Rambus, Inc.*,
386 F. Supp. 2d 708 (E.D. Va. 2005) ....................................................................................7

*United States of America, State of New Jersey, et al v. Apple Inc.*,
2:24-cv-04055 (D.N.J.) ..........................................................................................................1

*United States v. Microsemi Corp.*,
2009 WL 577491 (E.D. Va. Mar. 4, 2009) ............................................................................7

**Statutes**

15 U.S.C. § 2 ...........................................................................................................................2-3

15 U.S.C. § 22 ...........................................................................................................................7

28 U.S.C. § 1404(a) ...............................................................................................................4, 7

28 U.S.C. § 1407.......................................................................................................................1

28 U.S.C. § 1407(a) ...............................................................................................................4, 8

28 U.S.C. § 1407(g) ..........................................................................................................*passim*

**Judicial Panel on Multidistrict Litigation Federal Rules of Procedure**

Rule 6.2....................................................................................................................................1

Pursuant to 28 U.S.C. § 1407 and Rule 6.2 of Judicial Panel on Multidistrict Litigation ("JPML") Rules of Procedure, Plaintiff Louis Levine in the proposed class action *Louis Levine, v. Apple Inc.*, No. 5:24-cv-04284 (D.N.J.) ("*Levine*"), respectfully opposes the motion of plaintiffs in *Chiuchiarelli, et al. v. Apple Inc.*, No. 5:24-cv-01895 (N.D. Cal.) ("*Chiuchiarelli*") for an order transferring the putative class actions, listed in movant's Schedule of Actions, and any later referred actions, (the "Related Actions"), to the Northern District of California and, instead, requests that said actions be transferred to the District of New Jersey for coordinated or consolidated pretrial proceedings.

## INTRODUCTION

The action filed by the United States Department of Justice and 16 state attorneys general on March 21, 2024 in the District of New Jersey, *i.e. United States of America, State of New Jersey, et al v. Apple Inc.*, 2:24-cv-04055 (D.N.J.) (the "Government Action") is governed by 28 U.S.C. §1407(g), which prohibits the Panel from transferring the Government Action from the District of New Jersey.  28 U.S.C. §1407(g) provides that "[n]othing in this section shall apply to any action in which the United States or a State is a complainant arising under the antitrust laws." Because the Panel has no authority to transfer the Government Action from the District of New Jersey, the most efficient course for the overall civil litigation is for the Panel to transfer the indisputably related private Related Actions to the District of New Jersey for coordinated and consolidated proceedings.

## I.     OVERVIEW OF THE RELATED ACTIONS

The Related Actions presently consist of a number of substantively identical putative class actions against Apple Inc. ("Apple"), brought by named plaintiffs primarily in two districts, the

Northern District of California and the District of New Jersey.  As explained below, the Related Actions involve common questions of fact, assert overlapping and often identical claims and legal theories, seek similar relief, propose similar class definitions, and are all in preliminary procedural postures.

### A.    Common Questions of Fact

The Related Actions all derive from the Government Action filed in the District of New Jersey and allege that Apple knowingly deters competition by designing iPhones to block cross-platform technologies between iPhones and Android smartphones in order to increase Apple's smartphone monopoly.

Apple claims that it has prohibited the design and installation of cross-platform technologies on its smartphone platform for "security" and "privacy."

Plaintiffs in all the Related Actions, as in the Government Action, allege that Apple's course of conduct deters competition in the smartphone markets in order to charge supracompetitive prices for its iPhone.  Plaintiffs allege Apple unlawfully maintains its monopoly power and harms competition by imposing contractual restrictions, fees and taxes on app creation and distribution, specifically "Super Apps" and "Cloud Streaming Apps" and that Apple uses critical access points in the smartphone ecosystem to control the behavior and innovation of third parties in order to insulate itself from competition.

Accordingly, resolution of the litigations clearly will involve common questions of fact.

### B.    Common Claims, Legal Theories, and Relief Sought

All of the Related Actions bring the same two claims: (1) Monopolization of the Smartphone Market in the United States in violation of the federal antitrust law, the Sherman Act,

15 U.S.C. Section 2; and (2) Attempted Monopolization of the Smartphone Market in the United States in violation of the federal antitrust law. *Id.*

A number of Related Actions also allege additional, parallel state law claims.  For example, *Levine* and *Shoshi Goldfus v. Apple Inc.*, 24-cv-04108 (D.N.J.) ("*Goldfus*") allege violations of the New Jersey Antitrust Act; and the *Chiuchiarelli* action alleges violations of the California Unfair Competition Law.

Plaintiffs in the Related Actions all seek damages, declaratory relief, injunctive relief, attorney fees and other further relief as is just under the circumstances.

As suggested by the nature of the allegations and the size of the putative nationwide class, the Related Actions will involve complex and voluminous electronic discovery and depositions. This will include discovery and analysis of Apple's relevant software and product hardware, involving engineering, market, economic and damages analyses, all requiring factual and expert testimony.  Should the cases proceed in separate districts, there will inevitably be duplicative motions, depositions and productions of documents.

### C.      Class Definitions Are Similar or Identical

All of the Related Actions are on behalf of consumers who purchased iPhones and overpaid for their iPhones and/or otherwise suffered economic losses due to Apple's monopolization of the relevant smartphone markets.  The Related Actions allege a virtually identical nationwide class of purchasers of Apple smartphone products.  Plaintiffs Levine and Goldfus in their respective actions, for example, each allege an identical putative nationwide class of "Direct" purchasers of Apple smartphones made directly from Apple, other than for resale.  Many of the Related Actions, also allege parallel state causes of action on behalf of either "Direct" or "Indirect" purchasers of Apple products.

The proposed class definitions in the Related Actions substantially overlap and are similar in alleging a class of consumers who purchased iPhones within a relevant time period. If multiple proposed classes in the Related Actions are certified in different courts, inconsistent outcomes would almost certainly result and delay ultimate resolution.

### D.    The Procedural Posture of All Related Actions is Similar or Identical

All the Related Actions are in similarly preliminary procedural postures. The Related Actions all were filed after the Government Action on March 21, 2024.  No responsive pleadings or dispositive motions have been filed in any Related Action as of the date hereof.

## II.  CENTRALIZATION OF THE RELATED ACTIONS IS WARRANTED UNDER 28 U.S.C. § 1407

"When civil actions involving one or more common questions of fact are pending in different districts," this Panel may transfer such actions "to any district for coordinated or consolidated pretrial proceedings," if transfer would serve "the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."  28 U.S.C. § 1407(a). These requirements are met here.  Accordingly, ***Plaintiff agrees with the Chiuchiarelli Plaintiffs that the Panel should transfer the Related Actions to a single district for consolidated pretrial proceedings.***

## III.  THE PANEL SHOULD TRANSFER THE RELATED ACTIONS TO THE DISTRICT OF NEW JERSEY

The Panel should transfer the Related Actions, and any similar tag-along actions yet to be filed, to the District of New Jersey for consolidated or coordinated pretrial proceedings.  In determining the appropriate transferee district, the Panel considers a variety of factors, including: (1) whether the district "offers a forum that is both convenient and accessible for the parties and witnesses"; (2) the location of "relevant witnesses and evidence"; (3) the positions of the parties;

4

and (4) the experience of the transferee judge and district in navigating the "nuances of complex and multidistrict litigation." *In re: Aggrenox Antitrust Litig.*, 11 F. Supp. 3d 1342, 1343 (J.P.M.L. 2014).

### A.      The District of New Jersey is Convenient Because of Its Accessibility

The District of New Jersey is particularly convenient for this litigation geographically. Many major airports also serve the District of New Jersey.  Newark's airport alone serves more than 45 air carriers with nearly 1,200 daily arrivals and departures to domestic and international destinations.[1]  A number of other major airports—including in New York City and Philadelphia— are close by.  In short, the district is readily accessible from anywhere in the United States and is a short train ride from the major metropolitan centers of New York City and Philadelphia as the Panel has previously recognized.  *In re Vehicle Carrier Services Antitrust Litigation*, 978 F. Supp. 2d 1382 (J.P.M.L. 2013) ("There is no clear focal point for this litigation, which is bi-coastal in nature. . . . On balance, we are persuaded that the District of New Jersey is an appropriate transferee forum for this litigation . . . . The ease of accessibility . . . makes the District of New Jersey a good choice for transferee district.").

### B.      Convenience of the Parties and Witnesses

The convenience of all parties and witnesses here may be neutral in the aggregate and neither favor nor disfavor transfer of the Related Actions to the District of New Jersey.  Any overall party and non-party witness inconvenience will most probably be mitigated on balance because all counsel are able to travel to or from California, or elsewhere, to conduct depositions or may conduct depositions remotely as may be necessary during pre-trial discovery.  Moreover, some

---

[1] Get Started Sending and Receiving Cargo at Newark, Port Authority of New York and New Jersey, https://www.panynj.gov/airports/en/air-cargo/newark.html

witness travel is inevitable because at least some Apple employees or witnesses are likely located on the East Coast, in or near the District of New Jersey.  Additionally, some third-party witnesses also are likely to be located on the East Coast and would need to travel from there, or elsewhere, to California or another location if the Related Actions are transferred there.  However, because the Government Action will not be transferred, government witnesses will need to travel to the District of New Jersey and Apple witnesses will be compelled to attend trial in the district, *see* 28 U.S.C. §1407(g).  Accordingly, because Apple will already be required to attend proceedings in the Government Action in the District of New Jersey, Apple will not be unduly prejudiced by continuing to have its witnesses present for proceedings in the Related Actions.

### C.    The Location of Witnesses and Evidence

In this case, witnesses, including Defendant's employees, former employees, contractors, third parties and all parties,' as well as the Government's, experts, not to mention individual plaintiffs, are dispersed throughout the country.  Accordingly, the wide range of individuals and entities responding to discovery or attending pre-trial proceedings would not necessarily benefit from a venue closer to Defendant's headquarters in the Northern District of California.  The required continuance of the Government Action, in the District of New Jersey, *per* 28 U.S.C. §1407(g), together with the number of the Related Actions already filed in that District strongly suggests that the Related Actions be transferred to the District of New Jersey and thereby allow the same evidence and witnesses' testimony to be presented in the same venue before the same court with consistent evidentiary rulings.

### D.    The Positions of the Parties

Plaintiffs in the *Levine* and *Goldfus* actions, among other plaintiffs in the Related Actions, reside in and made their direct purchases of Apple Smartphones from Apple retail locations in the

District of New Jersey.  Moreover, because Apple executives, employees and witnesses will all have to appear in the Government Action proceedings before the District Court in New Jersey, due to 28 U.S.C. §1407(g),  any relative inconvenience is moot.

Pursuant to the § 1404(a) factors, plaintiffs' choice of forum weighs against transfer.  A "plaintiff's choice of forum is entitled to substantial weight" especially where the chosen forum is the plaintiff's home or bears a substantial relation to the cause of action. However, "the weight given to plaintiff's choice of venue varies with the significance of the contacts between the venue chosen by plaintiff and the underlying cause of action." *Bd. of Trustees v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1256 (E.D. Va. 1988).  Here, Plaintiff Levine resides in the District of New Jersey and purchased an Apple smartphone product directly from defendant Apple's own retail location located in the same district.

With respect to the Government Action, courts have afforded greater deference to the forum choice of government plaintiffs in light of the liberal venue requirements for government antitrust suits under 15 U.S.C. § 22.  See *United States v. Microsemi Corp.*, 2009 WL 577491, at *6-7 (E.D. Va. Mar. 4, 2009) ("Where venue is proper, a plaintiff[']s choice of forum is entitled to substantial weight, particularly where the plaintiff's choice of forum is authorized by the more liberal antitrust venue provision.").

E.     **Interests of Justice: Risk of Inconsistent Judgments and Judicial Economy**

 "Judicial economy and the avoidance of inconsistent judgments are prominent among the principal elements of systemic integrity."  *Samsung Elecs. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 721 (E.D. Va. 2005).  Here, the transfer of the Related Actions to the District of New Jersey is necessary to avoid the risk of inconsistent judgments and to facilitate systemic judicial economy.

### 1.     Risk of Inconsistent Rulings

Because the Government Action involves issues of fact and law that largely overlap with the Related Actions, and because these actions do not yet have a developed procedural history, transfer should prevent or reduce inconsistent pre-trial rulings.  This is especially relevant with respect to rulings concerning discovery of defendant Apple, third parties and experts, which may ultimately lead to judgments in the Government and Related Actions that are, or may be, inconsistent.  Moreover, because the Government Action cannot be transferred from the District of New Jersey due to 28 U.S.C. § 1407(g), and because the Related Actions will most likely be consolidated, the need for coordination and consistency in the same District, particularly in pre-trial discovery and the development of a consistent body of evidence, is paramount to avoid inconsistent judgments.

### 2.     Judicial Economy

Judicial economy favors transfer to the District of New Jersey because the court overseeing the Government Action proceeding in the District of New Jersey per 28 U.S.C. § 1407(g), will need to invest substantial time and energy to become familiar with the factual and legal issues underpinning the complex technical product and market characteristics that support the antitrust allegations.  Transferring the Related Actions to a different District would create a significant waste of judicial resources by requiring two separate judges to develop complex technical product and marketing familiarity in order to decide similar discovery disputes or procedural issues.  *See*, *In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, 220 F. Supp. 3d 1356, 1358 (J.P.M.L. 2016); *citing*, *In re Plavix Mktg., Sales Practices & Prods. Liab. Litig. (No. II)*, 923 F. Supp. 2d 1376, 1378-79 (J.P.M.L. 2013) (observing that centralization "likely

will facilitate coordination among all courts with Plavix cases, simply because there will now be only one federal judge handling most or all federal Plavix litigation.")

**F.      The Experience of the Transferee Judge and District in Navigating the Nuances of Complex and Multidistrict Litigation**

The District of New Jersey, in the heart of the country's most vibrant and varied commercial region, has the ability to handle complex class actions against major corporations such as Apple, as indicated by the determination of the Department of Justice to file the Government Action in the District of New Jersey in coordination with some 18 state attorneys general.  The District of New Jersey has long and repeatedly been found to have the deep, broad and sophisticated experience with complex multi-district litigation that has merited the transfer of many complex class actions to the District of New Jersey including, for example:

*In re Sprint Premium Data Plan Marketing and Sales Practices Litigation*, 2011 U.S. Dist. LEXIS 44554, at *3-4 (J.P.M.L Apr. 18, 2011) ("All of the actions are in a similar procedural posture, and we are presented with several good choices for a transferee forum. We are persuaded that the District of New Jersey is the most appropriate transferee district . . . . This district has a great deal of experience serving as a transferee court yet has a manageable MDL docket.");  and,

*In re Verizon Wireless Data Charges Litigation*, 701 F. Supp. 2d 1380, 1382 ((J.P.M.L 2010) ("Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification issues; and conserve the resources of the parties, their counsel and the judiciary.").

There are many other cases as well that have been determined best transferred to the District of New Jersey, including: *In re Insulin Pricing Litig.*, 2023 WL 5065090 (J.P.M.L. Aug. 3, 2023); *In re Invokana (Canagliflozin) Prod. Liab. Litig.*, 223 F. Supp. 3d 1345 (J.P.M.L. 2016);

*In re Proton-Pump Inhibitor Prod. Liab. Litig. (No. II)*, 261 F. Supp. 3d 1351 (J.P.M.L. 2017); and

*In re Desloratadine Pat. Litig.*, 502 F. Supp. 2d 1354 (J.P.M.L. 2007).

Although counsel in the *Levine* action are not aware of any prior assignments to Judge Xavier Neals in the District of New Jersey from the JPML, Judge Neals is thoroughly experienced with complex class actions. *See*, for example: *Galicki v. New Jersey*, 2023 U.S. Dist. LEXIS 42482, 2023 WL 2496503, (D.N.J. March 13, 2023); *Clough v. Plymouth Rock Mgmt. Co. of N.J.*, 2023 U.S. Dist. LEXIS 231400 (D.N.J. Dec. 29, 2023); *Bernard v. I.C. Sys.*, 2023 U.S. Dist. LEXIS 32923, 2023 WL 2263599 (D.N.J. Feb. 27, 2023); and, *Maher v. Amag Pharms., Inc.*, 2024 U.S. Dist. LEXIS 59300, 2024 WL 1376685 (D.N.J. March 28, 2020), (Class action included plaintiffs in California, Kansas, New Jersey, New York, Missouri and Wisconsin.).

Accordingly, as the Panel has found in at least one other recent case transferred to the District of New Jersey, transfer of the Related Actions to Judge Neals is appropriate here because of the Panel's expressed interest to appoint skilled jurists "who [have] not yet had the opportunity to preside over an MDL." See *In re Samsung Customer Data Security Breach Litigation*, 655 F. Supp. 3d 1368, 1369 (J.P.M.L. 2023) (Transfer to District of New Jersey with the remark: "We assign this litigation to the Honorable Christine P. O'Hearn, a skilled jurist with the willingness and ability to manage this litigation, who has not yet had the opportunity to preside over an MDL. We are confident she will steer this matter on a prudent course.").

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff Louis Levine respectfully requests that the JPML deny the Chiuchiarelli Plaintiffs' motion to transfer the Related Actions to the Northern District

of California and, instead, designate all of the Related Actions for transfer to the District of New

Jersey for coordinated or consolidated pretrial proceedings.

Dated: April 25, 2024                                   Respectfully submitted,

**BARRACK, RODOS & BACINE**

  _/s/ William J. Ban_____
Eleven Times Square
640 8th Avenue, 10th Floor
New York, NY 10036
Tel: (212) 688-0782
Fax: (212) 688-0783
wban@barrack.com

        and

Andrew J. Heo
One Gateway Center, Suite 2600
Newark, NJ 07102
(973) 297-1484
aheo@barrack.com

Gerald J. Rodos
Daniel E. Bacine
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Tel: (215) 963-0600
Fax: (215) 963-0838
grodos@barrack.com
dbacine@barrack.com

*Counsel for Plaintiff Louis Levine and the
Proposed Classes*