**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION** | **MDL No. 3113** |

**MEMORANDUM OF PLAINTIFFS SIANO AND WALKER IN OPPOSITION TO AMENDED MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA AND IN SUPPORT OF TRANSFER TO AND CENTRALIZATION IN THE DISTRICT OF NEW JERSEY**

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ........................................................................................ 1

II. PROCEDURAL AND FACTUAL BACKGROUND ....................................................... 1

III. THE RELATED ACTIONS SHOULD BE CENTRALIZED ......................................... 2

IV. THE RELATED ACTIONS SHOULD BE CENTRALIZED IN THE DISTRICT OF
NEW JERSEY, RATHER THAN IN THE NORTHERN DISTRICT OF CALIFORNIA
............................................................................................................................................ 2

V. CONCLUSION ............................................................................................................... 5

## I.     PRELIMINARY STATEMENT

Movants' request to transfer to and centralize all of the Related Actions in the Northern District of California should be denied, Instead, all of the Related Actions should be centralized in the District of New Jersey, which very clearly is the center of gravity given (a) the fact that the DOJ and State Attorneys' General chose to file in that District and are moving forward there, (b) the bulk of the private actions (including that brought by Plaintiffs Siano and Walker) have been filed in and are moving forward in the District of New Jersey, and (c) Apple did not object when the Plaintiffs in the first-filed California action moved for voluntary transfer of their case to the District of New Jersey.

## II.     PROCEDURAL AND FACTUAL BACKGROUND

On March 21, 2024, the DOJ and the State Attorneys General of New Jersey and fourteen other states and the District of Columbia filed an action against Apple alleging violations of the federal and state antitrust laws. *U.S., et al. v. Apple Inc*., 24-cv-04055 (D.N.J. Mar. 21, 2024). The core of the claims is that Apple has unlawfully monopolized markets for smartphones, resulting in overcharges to iPhone consumers.

The next day, direct purchasers of iPhones began filing private class actions in the District of New Jersey alleging the same unlawful conduct by Apple and resulting harms. As of today, eleven private class actions have been filed in the District of New Jersey. Each of those actions has been assigned to the same District Judge overseeing the DOJ/State AG action.  The District of New Jersey actions are proceeding through initial steps, including a status conference with Magistrate Judge Wettre concerning disclosures, filings in response to those disclosures, and cooperative communications among Plaintiffs and Apple concerning service of process and timing for Apple's response to the complaints.

What has happened in the Northern District of California, by contrast, is informative. First, Chief Judge Seeborg stayed the first-filed California case. Order Staying Case, ECF No. 15, 3:24-cv-01796 (Apr. 15, 2024). Second, in recognition that it makes sense for the private cases to proceed in the same District as the government's case, the plaintiffs who filed that first California case have moved for voluntary transfer of their case to the District of New Jersey. *See* Unopposed Motion to Transfer, ECF No. 10, *Collins v. Apple, Inc*., 3:24-cv- 01796, (N.D. Cal. Apr. 4, 2024). Third, Apple did not object to the motion to transfer the case to the District of New Jersey. *Id*.

## III.   THE RELATED ACTIONS SHOULD BE CENTRALIZED

There should be no dispute that all of the Related Actions should be centralized pursuant to Section 1407(a). It is well established that "[a]ntitrust actions present a category of actions that the Panel almost inevitably orders transferred if there are multiple actions pending in different districts." FED. JUD. CTR., MULTIDISTRICT LITIGATION MANUAL (FOURTH) § 5:1 (2010). These cases are no exception. The private actions filed in different judicial districts concern common questions of fact and law, such that "[c]entralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary." *In re Elec. Books Antitrust Litig.*, 846 F. Supp. 2d 1378, 1379 (J.P.M.L. 2011) (centralizing antitrust claims).

## IV.   THE RELATED ACTIONS SHOULD BE CENTRALIZED IN THE DISTRICT OF NEW JERSEY, RATHER THAN IN THE NORTHERN DISTRICT OF CALIFORNIA

Plaintiffs respectfully submit that all factors favor centralization in the District of New Jersey and not the Northern District of California.

First, the Panel routinely centralizes private antitrust actions in the same District where a prior government action is pending. *See, e.g.*, *In re Liquid Aluminum Sulfate Antitrust Litig.*, 159 F. Supp. 3d 1382, 1383 (J.P.M.L 2016) (transferring to District of New Jersey where "related criminal action is pending"); *In re Toilet Seat Antitrust Litig.*, 387 F. Supp. 1342, 1344 (J.P.M.L. 1975) (transferring to Eastern District of Michigan where government civil action located). It does so in recognition of the efficiencies of ensuring one court oversees discovery in the parallel government and private actions, as well as the difficulties that would arise from inconsistent rulings on the legal underpinnings of complex antitrust issues.

Second, centralization of private antitrust claims in the same District as government claims also makes sense because the government claims <u>cannot</u> be transferred under Section 1407(g).

Third, the facts demonstrate that the District of New Jersey is the "preference of most of the parties." *In re Sugar Indus. Antitrust Litig.*, 395 F. Supp. 1271, 1274 (J.P.M.L. 1975).  The first private action was filed in the District of New Jersey.  *See, e.g., In re Mosaid Techs. Inc., Pat. Litig.*, 283 F. Supp. 2d 1359, 1360-61 (J.P.M.L. 2003) (denying motion to transfer to Northern District of California and transferring to District of New Jersey because, in part, "the first-filed action is already proceeding" in the District of New Jersey). Moreover, the District of New Jersey has been chosen by the majority of the plaintiffs in the Related Actions. There are twelve Apple cases pending in the District of New Jersey (including the government case). *See, e.g.*, *In re Liquid Aluminum Sulfate Antitrust Litig.*, 159 F. Supp. 3d 1382, 1383 (J.P.M.L. 2016) (transfer to District of New Jersey where "a majority of actions already are pending there").  By comparison, only ten cases have been filed in the Northern District of California, one of which (as discussed above) now seeks transfer to the District of New Jersey). One case each has been

3

filed in the District of Minnesota and Northern District of Illinois, where the only connection is the residency of the plaintiffs.

Fourth, the District of New Jersey cases already are moving ahead in an effectively centralized manner. All of the New Jersey private actions have been assigned to the same District Judge and Magistrate Judges assigned to the government case, Judge Julian X. Neals and Magistrate Judge Leda D. Wettre. Magistrate Judge Wettre held a conference for all District of New Jersey Related Actions to provide disclosures.  Plaintiffs, through their undersigned counsel appeared at the conference and Plaintiffs have filed their response to the disclosures raised at the conference.  The New Jersey Plaintiffs, including Plaintiffs Siano and Walker, have conferred through counsel with Apple concerning pretrial matters, including with respect to service on Apple.  The District of New Jersey plaintiffs have entered into a joint stipulation with Apple extending the time for Apple to respond to the District of New Jersey complaints. Unlike in the Northern District of California case, however, no stay has been entered. The fact that the District of New Jersey cases are progressing favors centralization in that District. *See, e.g.*, *In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Pracs. & Prod. Liam. Litig.*, 220 F. Supp. 3d 1356, 1359 (J.P.M.L. 2016) (transfer to District of New Jersey, where "most procedurally-advanced action" located).

Fifth, by contrast, the Northern District of California are either stayed in their entirety or have not meaningfully progressed.  They are spread among a number of Divisions, and Judges, and Magistrates.  And, as discussed above, even the first-filed California plaintiffs have moved to transfer to the District of New Jersey—a motion to which Apple notably did not object.

Sixth, the Panel routinely transfers MDLs to the District of New Jersey. The District of New Jersey "offers an accessible metropolitan location." *In re Ins. Brokerage Antitrust Litig.*,

4

360 F. Supp. 2d 1371, 1373 (J.P.M.L. 2005). And the District of New Jersey is "well equipped with the resources that this complex antitrust docket is likely to require." *In re Hypodermic Prod. Antitrust Litig.*, 408 F. Supp. 2d 1356, 1357 (J.P.M.L. 2005).

## V.       CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Amended Motion to Transfer the Related Actions to the Northern District of California be DENIED and that the Related Actions instead be transferred to and centralized in the United States District Court for the District of New Jersey.

Dated: April 26, 2024.                              Respectfully submitted.

/s/ *Christopher A. Seeger*
SEEGER WEISS LLP
Christopher Seeger
Jennifer R. Scullion
Christopher L. Ayers
55 Challenger Road, 6th Floor
Ridgefield Park, New Jersey 07660
Telephone: (973) 639-9100
Facsimile: (973) 639-9393
cseeger@seegerweiss.com
jscullion@seegerweiss.com
cayers@seegerweiss.com

ROBBINS GELLER RUDMAN
& DOWD LLP
Paul J. Geller
Mark J. Dearman
Dorothy P. Antullis
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone: (561)750-3000
(561) 750-3364 (Fax)
pgeller@rgrdlaw.com
mdearman@rgrdlaw.com
dantullis@rgrdlaw.com

ROBBINS GELLER RUDMAN
& DOWD LLP
David W. Mitchell
Alexandra S. Bernay
Arthur L. Shingler III
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: (619) 231-1058
(619) 231-7423
davidm@rgrdlaw.com
xanb@rgrdlaw.com
ashingler@rgrdlaw.com

*Counsel for Plaintiffs*