BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: Apple Inc. Smartphone Antitrust Litigation | MDL No. 3113 |

**RESPONSE OF PLAINTFFS CHRISTOPHER MILLER AND ANGELA BOYKIN IN SUPPORT OF PLAINTIFFS' MOTION TO TRANSFER ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Pursuant to 28 U.S.C. § 1407 and Rule 6.2 of Judicial Panel on Multidistrict Litigation ("JPML") Rules of Procedure, Plaintiffs Christopher Miller and Angela Boykin ("Plaintiffs") in the proposed class action *Miller, et al. v. Apple Inc.,* No. 3:24-cv-01988-RFL (N.D. Cal.), respectfully submit this response in support of an order transferring the putative class actions to the Northern District of California for coordinated or consolidated pretrial proceedings. *See* MDL No. 3113, ECF Nos. 1, 6, 12, 29. Currently, there are at least 23 pending actions.

Plaintiffs agree that the transfer of all putative class actions (as outlined in the Amended Schedule of Actions, ECF No. 6-2, and Notices of Potential Tag-Along Actions, ECF Nos. 12, 12-1, 29, 29-1, together, the "Related Actions") and any related cases to the Northern District of California for coordinated or consolidated pretrial proceedings is proper because defendant Apple maintains its principle place of business there and the conduct alleged in the Related Actions largely occurred in the Northern District. Additionally, the Related Actions involve common questions of fact, assert overlapping and often identical claims and legal theories, seek similar relief, propose similar class definitions, and are all in preliminary procedural postures.

Each of the Related Actions allege that Defendant Apple, Inc. ("Defendant" or "Apple") stifles competition and aids in the creation of its monopoly by designing iPhones to block cross-platform technologies, and as a result, charges supracompetitive prices for its products. Each of the Related Actions allege similar, if not identical, causes of action arising from the same nucleus of facts, including violations of federal antitrust law, the Sherman Act, 15 U.S.C. Section 2, attempted monopolization, and related violations of state antitrust law. Furthermore, the Related Actions are all brought on behalf of class of consumers who purchased iPhones within a relevant time period, and seek damages, declaratory relief, injunctive relief, attorney fees, and any other justifiable relief. No responsive pleadings or dispositive motions have been filed in any of the Related Actions thus far. Therefore, the transfer and centralization of the Related Actions "will facilitate a uniform and efficient pretrial approach to this litigation, eliminate duplicative discovery, prevent inconsistent rulings on expert testimony and other pretrial issues, and conserve the resources of the parties, their counsel, and the judiciary." *In re Baby Food Mktg., Sales*

*Pracs. & Prod. Liab. Litig. (No. II)*, No. MDL 3101, 2024 WL 1597351, at *2 (J.P.M.L. Apr. 11, 2024); 28 U.S.C. § 1407(a).

Furthermore, the Northern District of California is the correct forum. Apple is headquartered in the District, so it is axiomatic that relevant evidence, witnesses, and documents will be located there. *In re 23andMe, Inc., Customer Data Sec. Breach Litig.,* No. MDL 3098, 2024 WL 1596923, at *2 (J.P.M.L. Apr. 11, 2024) (granting centralization in the Northern District of California because defendant "is headquartered there, and much of the relevant evidence likely will be located there."). Finally, the Northern District of California has judges who are particularly well suited to oversee this multi-district litigation, given the volume of prominent technology companies and ensuing litigation within the District. Indeed, the Panel has affirmed the Northern District of California numerous times as the appropriate forum when there has been multi-district litigation involving Apple. *See In re Apple Inc. Device Performance Litig.*, 291 F. Supp. 3d 1371, 1372 (J.P.M.L. 2018) ("The Northern District of California is an appropriate transferee district for this litigation. This district has a strong connection to these cases."); *In re Apple Inc. App Store Simulated Casino-Style Games Litig.,* 532 F. Supp. 3d 1409, 1411 (J.P.M.L. 2021) (same); *In re: iPhone/iPad Application Consumer Priv. Litig.*, 802 F. Supp. 2d 1363, 1364 (J.P.M.L. 2011) (same); *In re: Apple iPhone 4 Prod. Liab. Litig.,* 746 F. Supp. 2d 1357, 1358 (J.P.M.L. 2010) (same); *In re: Apple Iphone 3G Prod. Liab. Litig.,* 630 F. Supp. 2d 1382, 1383 (J.P.M.L. 2009) (same); *In re Apple iPod nano Prod. Liab. Litig.,* 429 F. Supp. 2d 1366, 1368 (J.P.M.L. 2006) (same).

Plaintiffs anticipate that some parties will advocate for centralization in the District of New Jersey, given that the government has brought its case in that forum. However, courts "determine whether centralization is appropriate on a case-by-case basis considering the statutory criteria." *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, No. MDL 3084, 2024 WL 41889, at *1 (J.P.M.L. Jan. 4, 2024) (citing *In re Bear Creek Techs., Inc*., ('722) Patent Litig., 858 F. Supp. 2d 1375, 1379 (J.P.M.L. 2012) ("Centralization of any litigation…is not automatic, and will necessarily depend on the facts, parties, procedural history and other circumstances in a given

litigation."). Given the arguments outlined above, Plaintiffs believe that the balance of factors weigh in favor of the Northern District of California.

Accordingly, Plaintiffs support centralization in the United States District Court for the Northern District of California.

DATED: April 26, 2024              KAPLAN FOX & KILSHEIMER LLP

By:  /s/ *Laurence D. King*
          Laurence D. King

Laurence D. King
Matthew George
Blair E. Reed
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Tel.: (415) 772-4700
Fax: (415) 772-4707
Email: *lking@kaplanfox.com*
         *mgeorge@kaplanfox.com*
         *breed@kaplanfox.com*

KAPLAN FOX & KILSHEIMER LLP
Frederic S. Fox
Donald R. Hall
Hae Sung Nam
Chang Hahn
800 Third Avenue
New York, NY 10022
Tel.: (212) 687-1980
Fax: (212) 687-7715
Email: *ffox@kaplanfox.com*
         *dhall@kaplanfox.com*
         *hnam@kaplanfox.com*
         *chahn@kaplanfox.com*

Attorneys for Plaintiffs Christopher Miller and Angela Boykin, *Miller, et al. v. Apple Inc.*, 3:24-cv-01988-RFL