**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION** | **MDL DOCKET NO. 3113** |

**RESPONSE OF INTERESTED PARTY KENDRA KYNDBERG
IN OPPOSITION TO AMENDED MOTION TO TRANSFER TO THE NORTHERN
DISTRICT OF CALIFORNIA AND IN SUPPORT OF TRANSFER
TO THE DISTRICT OF NEW JERSEY**

Direct Purchaser Plaintiff Kendra Kyndberg (hereinafter "Plaintiff" or "Kyndberg") in *Kyndberg v. Apple, Inc.,* Case No. 24-cv-01107 (D. Minn.) submits this response to the request of Plaintiffs Jennifer Chiuchiarelli, April Yamaichi, Kiyomi Ishii, and Richard Hopper (the "Chiuchiarelli Plaintiffs") for transfer and centralization of certain related actions before the Northern District of California.

Responding Plaintiff Kyndberg supports centralization under 28 U.S.C. § 1407 but proposes transfer instead to the District of New Jersey, where Judge Julien Xavier Neals is presiding over twelve of the twenty-four Related Actions, including the action filed by the U.S. Department of Justice, Antitrust Division, that spearheaded this litigation.[1] The District of New Jersey is readily accessible to the geographically dispersed parties and has "the capacity and experience to steer this litigation on a prudent course." *See In re Janus Mut. Funds Inv. Litig.,* 310 F. Supp. 2d 1359, 1361 (J.P.M.L. 2004).

---

[1] *See United States v. Apple Inc.,* Case No. 24-cv-4055 (D.N.J.).

1

**BACKGROUND**

This litigation revolves around Apple's alleged anticompetitive and exclusionary conduct that it uses to unlawfully maintain its monopoly in the performance smartphone and smartphone markets.

**ARGUMENT**

**I.    The Panel Should Consolidate the Related Actions.**

When actions "involving one or more common questions of fact are pending in different districts," the Panel may transfer the cases to a single district for consolidated pretrial proceedings. 28 U.S.C. § 1407(a). The Panel "shall" order transfer and consolidation when it determines that a transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." *Id*. Each of these criteria is easily satisfied here.

As of the date of this filing, a total of twenty-four cases have been identified on the docket as Related Actions for this multidistrict litigation. Following filing of the action by the U.S. Department of Justice referenced above, fifteen actions were filed on behalf of direct purchaser classes,[2] four were filed on behalf of indirect purchaser classes,[3] and four were filed on behalf of

---

[2] *See Collins v Apple Inc.,* Case No. 24-cv-01796 (N.D. Cal.); *Miller v. Apple Inc.,* Case No. 24-cv-01988 (N.D. Cal.); *Dwyer v. Apple Inc.,* Case No. 24-cv-01844 (N.D. Cal.); *Giamanco v. Apple Inc.,* Case No. 24-cv-02694 (N.D. Ill.); *Kyndberg v. Apple, Inc.,* Case No. 24-cv-01107 (D. Minn.); *Goldfus v. Apple Inc.,* Case No. 24-cv-04108 (D.N.J.); *Ultra Home Set, LLC v. Apple Inc.,* Case No. 24-cv-04223 (D.N.J.); *Levine v. Apple Inc.,* Case No. 24-cv-04284 (D.N.J.); *Kurtz v. Apple Inc.,* Case No. 24-cv-04355 (D.N.J.); *Watson v. Apple Inc.,* Case No. 24-cv-04445 (D.N.J.); *Moody v. Apple Inc.,* Case No. 24-cv-04560 (D.N.J.); *Siano v. Apple Inc.,* Case No. 24-cv-04568 (D.N.J.); *Melkowski v. Apple Inc.,* Case No. 24-cv-04827 (D.N.J.); *Crocco v. Apple Inc.,* Case No. 24-cv-05281 (D.N.J.); *Daines v. Apple Inc.,* Case No. 24-cv-05359 (D.N.J.).

[3] *See Loewen v. Apple Inc.,* Case No. 24-cv-02006 (N.D. Cal.); *Schermer v. Apple Inc.,* Case No. 24-cv-01815 (N.D. Cal.); *Schwartz v. Apple Inc.,* Case No. 24-cv-02213 (N.D. Cal.); *Kolinksy v. Apple Inc.,* Case No. 24-cv-04232 (D.N.J.).

classes of purchasers that have not been identified as direct or indirect.[4] These cases are pending in four different jurisdictions, including the District of New Jersey (twelve cases), the Northern District of California (ten cases), the Northern District of Illinois (one case), and the District of Minnesota (one case).

All of the related actions allege that Apple illegally monopolizes the smartphone market by imposing contractual restrictions in its App Store as a means to extract more money from consumers. All but one alleges violations of Section 2 of the Sherman Act, with others adding violations of Sections 1 and 3 of the Sherman Act and/or violations of state laws. Each Related Action pleads the above-referenced claims against the same Defendant, alleges similar underlying facts, and seeks compensatory damages and injunctive relief on behalf of the classes proposed in their respective complaints. Likewise, all the actions are at an early stage of their proceedings, where the parties have not yet filed responsive pleadings or dispositive motions or commenced the discovery process. Now is the ideal time to centralize these actions.

Where litigation involves common questions of law or fact, this Panel has found that consolidation "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation, while accordingly being necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary." *In re Buspirone Patent Litigation*, 176 F. Supp. 2d 1374, 1375 (J.P.M.L. 2001). Here, the related actions present common factual and legal issues and their resolution will have ramifications that are nationwide in scope and effect.

---

[4] *See Chiuchiarelli v. Apple, Inc.,* Case No. 24-cv-01895 (N.D. Cal.); *Leonard v. Apple Inc.,* Case No. 24-cv-02156 (N.D. Cal.); *Herrerias v. Apple Inc.,* Case No. 24-cv-2199 (N.D. Cal.); *Kane v. Apple Inc.,* Case No. 24-cv-02193 (N.D. Cal.).

Transfer and coordination promote the preservation of judicial resources and efficiency. It would be inefficient and uneconomical to have multiple judges simultaneously deciding the same factual and legal issues. It would be equally wasteful to have the parties and their counsel litigating the same issues in multiple forums. The Panel has found that the convenience requirement is met when transfer and consolidation or coordination prevent duplicative discovery and inconsistent pretrial rulings. *See In re Commodity Exchange, Inc., Gold Futures & Options Trading Litig.*, 38 F. Supp. 3d 1394, 1395 (J.P.M.L. 2014) ("Centralization will eliminate duplicative discovery, … prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary."). The same reasons justify transfer and consolidation of the related actions here.

## II.    The Related Actions Should Be Transferred to the District of New Jersey.

The District of New Jersey is best suited to oversee this MDL. The District of New Jersey has extensive experience and expertise handling the issues presented by complex, multidistrict litigation, and is well-equipped to handle this action, as evidenced by the fact that the Panel has transferred at least 70 MDLs to the District of New Jersey.[5] There are a multitude of reasons why this particular MDL should be transferred to the District of New Jersey.

*First,* as noted above, the United States Department of Justice filed its action in the District of New Jersey. The Panel places weight on the jurisdiction in which the first action was filed. *See, e.g., In re: Michaels Stores, Inc., Fair Credit Reporting Act (FCRA) Litig.,* 96 F. Supp. 3d 1380, 1381 (J.P.M.L. 2015) (selecting the District of New Jersey in part because it "is where the first-

---

[5] *See* United States Judicial Panel on Multidistrict Litigation, Multidistrict Litigations Terminated Through September 30, 2023, at 12-13, jpml.uscourts.gov/sites/jpml/files/JPML_Fiscal_Year_2023_Terminated_Litigations_Report_0.p df (last visited 04/24/24); United States Judicial Panel on Multidistrict Litigation, MDL Statistics Report – Distribution of Pending MDL Dockets by District, 04/01/24, at 3, https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-April-1-2024.pdf (last visited 04/24/24).

filed action in this litigation is pending."). Moreover, because the Department of Justice's case cannot be transferred, 28 U.S.C. § 1407(g), it would best preserve judicial economy to transfer and centralize all Related Actions to the District of New Jersey.

*Second*, the majority of Related Actions – twelve out of twenty-four (50%) – are pending in the District of New Jersey. This likewise weighs in favor of transfer to the District of New Jersey. *See, e.g., In re: Proton-Pump Inhibitor Prods. Liab. Litig. (No II),* 261 F. Supp. 3d 1351, 1355 (J.P.M.L. 2017) (transferring to the District of New Jersey in part because the pending cases in that district were "more than in any other district"); *In re: Liquid Aluminum Sulfate Antitrust Litig.,* 159 F. Supp. 3d 1382, 1383 (J.P.M.L. 2016) (transferring to the District of New Jersey in part because the "majority of actions already are pending there").

*Third,* as of April 1, 2024, there were significantly fewer MDLs pending in the District of New Jersey (twelve) than in the Northern District of California (seventeen).[6] The Panel favors districts having fewer pending multidistrict litigations. *See, e.g., In re Horizon Organic Milk Plus DHA Omega-3 Mktg. and Sales Practices Litig.,* 844 F. Supp. 2d 1380, 1381 (J.P.M.L. 2012) (transferring to district "presiding over fewer MDL dockets than other proposed districts"); *In re Baycol Prods. Liab. Litig.,* 180 F. Supp. 2d 1378, 1380 (J.P.M.L. 2001) (transferring to district court "not currently overtaxed with other multidistrict dockets").

*Fourth*, Judge Neals is chambered in Newark, New Jersey, "[t]he largest city in New Jersey and the second largest in the New York metropolitan area."[7]  It is "among the country's largest air,

---

[6] *See* MDL Statistics Report – Distribution of Pending MDL Dockets by District, 04/01/24, https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-April-1-2024.pdf (last visited 04/24/24).

[7] *See* Cities of Promise, Newark, New Jersey, https://citiesofpromise.com/cities/newark-new-jersey/ (last visited 04/25/24).

shipping, and rail hubs,"[8] serviced by its own major international airport,[9] and within about an hour's drive from two additional major international airports – John F. Kennedy International Airport (43 minutes)[10] and the Philadelphia International Airport (1 hour 26 minutes).[11] As the Panel has previously recognized, the District of New Jersey is "a convenient and accessible forum for this nationwide litigation." *See In re: Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices and Prods. Liab. Litig.,* 220 F. Supp. 3d 1356, 1359 (J.P.M.L. 2016); *see also Proton-Pump Inhibitor,* 261 F. Supp. 3d at 1355 (transferring to the "relatively convenient venue" of the District of New Jersey); *Michaels Stores,* 96 F. Supp. 3d at 1381 (transferring to the "readily accessible and convenient transferee forum" of the District of New Jersey); *In re: Caterpillar, Inc., C13 and C15 Engine Prods. Liab. Litig.,* 26 F. Supp. 3d 1394, 1395 (J.P.M.L. 2014) (transferring to the "convenient and accessible forum" of the District of New Jersey).

### III. The Related Actions Should Be Transferred to Judge Julien Xavier Neals, Who is Qualified and Whose Selection Serves the Goals of Promoting New and Diverse Judges.

All twelve cases that are pending in the District of New Jersey have been assigned to Judge Julien Xavier Neals. This fact alone is good reason to assign the MDL to Judge Neals. *See In re Ford Motor Co. DPS6 PowerShift Transmission Prods. Liab. Litig.,* 289 F. Supp. 3d 1350, 1353 (J.P.M.L. 2018) (noting that the transferee judge was already presiding over several actions); *In re*

---

[8] *Id.*

[9] *See* Newark Liberty International Airport, https://www.newarkairport.com/ (last visited 04/24/24).

[10] *See* MapQuest Directions from Newark Int'l Term C-Departure to John F Kennedy Int'l Airport, https://www.mapquest.com/directions/from/us/new-jersey/newark-intl-term-c-departure-464277914/to/us/new-york/john-f-kennedy-intl-airport-484751771 (last visited 04/25/24).

[11] *See* MapQuest Directions from Newark Liberty Int'l Airport to Philadelphia Int'l Airport, https://www.mapquest.com/directions/from/us/new-jersey/newark-liberty-intl-airport-434489667/to/us/pennsylvania/philadelphia-intl-airport-465790343 (last visited 04/25/24).

*Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig. No. II*, 997 F. Supp. 2d 1354, 1357 (J.P.M.L. 2014) (same).

Moreover, Judge Neals has not yet presided over any MDL.[12] The Panel has frequently cited to the benefit of transferring MDLs to able, skilled, and experienced jurists who have "not yet had the opportunity to preside over an MDL." *See, e.g., In re Samsung Customer Data Security Breach Litig.,* 655 F. Supp. 3d 1368, 1369 (J.P.M.L. 2023); *In re Chantix (Varenicline) Mktg., Sales Practices and Prods. Liab. Litig. (No. II),* 648 F. Supp. 3d 1381, 1383 (J.P.M.L. 2022); *In re TransUnion Rental Screening Sol., Inc., FCRA Litig.*, 437 F. Supp. 3d 1377, 1378 (J.P.M.L. 2020) (same); *In re: FieldTurf Artificial Turf Mktg. and Sales Practices Litig.,* 254 F. Supp. 3d 1379, 1380 (J.P.M.L. 2017).

The Panel has also publicly stated that they are looking to diversify the pool of transferee judges.[13] Judge Neals is just that jurist, having been sworn in as a United States District Judge of the District of New Jersey in 2021.[14] He previously served as Chief Judge of the Newark Municipal Court from 2006-2008, overseeing eleven full-time judges, all day-to-day court

---

[12] *See* United States Judicial Panel on Multidistrict Litigation, Multidistrict Litigations Terminated Through September 30, 2023, at 12-13, jpml.uscourts.gov/sites/jpml/files/JPML_Fiscal_Year_2023_Terminated_Litigations_Report_0.p df (last visited 04/24/24); United States Judicial Panel on Multidistrict Litigation, MDL Statistics Report – Distribution of Pending MDL Dockets by District, 04/01/24, at 3, https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-April-1-2024.pdf (last visited 04/24/24).

[13] Amanda Bronstad, *Rookie Judges Start to Wrangle MDL Dockets*, 04/20/17, https://www.law.com/2017/04/20/rookie-judges-start-to-wrangle-mdl-dockets/ (last visited 04/25/24) (quoting Judge Charles Breyer of the Northern District of California, one of seven judges who comprised the MDL panel when the article was published: "There has been an effort to reach out to newer judges, to bring them into the MDL process, so as to give a greater MDL experience to the judiciary as a whole.").

[14] *See* Practising Law Institute, Biography of Hon. Julien X. Neals, United States District Court, District of New Jersey, https://www.pli.edu/faculty/hon.-julien-x.-neals-i915104 (last visited 04/25/24).

operations, and over 100 support staff in the state's largest and busiest municipal court.[15] Between those two judgeships, Judge Neals displayed his management skills, serving as Corporation Counsel for the City of Newark, where he managed and oversaw approximately 45 full-time attorneys and 30 support staff; as Business Administrator for the City of Newark, where he prepared the City's budget and oversaw its day-to-day operations and ten municipal departments, and as County Counsel and Acting County Administrator for Bergen County, New Jersey, where he directed the County's Law Department, prepared the County's budget, and oversaw its day-to-day operations.[16]

Assigning Judge Neals will also serve the equally important goal of promoting diversity within JMPL transferee judges. As many legal practitioners, judges, and scholars have observed, diversity in the judiciary is essential to achieving just results and maintaining public trust and confidence.[17] Other commentators have noted that while the Panel has been slow to improve its appointment of diverse transferee judges, "the current JPML appears to be making a concerted effort to expand the gender and racial composition of the pool of MDL transferee judges."[18] Selecting Judge Neals to preside over this MDL will further the important goal of creating a judiciary that is a representation of the communities that they serve.

---

[15] *Id.*

[16] *Id.*

[17] *See, e.g.,* Danielle Root, Jake Faleschini, and Grace Oyenubi, *Building a More Inclusive Federal Judiciary" Center for American Progress*, Oct. 2019, https://www.americanprogress.org/wp-content/uploads/sites/2/2019/10/JudicialDiversity-report-3.pdf (last visited 04/25/24).

[18] Brooke D. Coleman, *A Legal Fempire?: Women in Complex Civil Litigation*, 93 Ind. L.J. 617, 651 (2018).

**CONCLUSION**

For the foregoing reasons, the Panel should centralize the Related Cases in the District of New Jersey.

Respectfully submitted,

Dated:  April 26, 2024          */s/ Michelle J. Looby*
Daniel E. Gustafson (#202241)
Daniel C. Hedlund (#258337)
Michelle J. Looby (#388166)
Daniel J. Nordin (#392393)
Mary M. Nikolai (#400354)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 So. Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
dnordin@gustafsongluek.com
mnikolai@gustafsongluek.com

Dianne M. Nast
Daniel N. Gallucci
Joseph N. Roda
Michele S. Burkholder
Michael S. Tarringer
**NASTLAW LLC**
1101 Market Street, Suite 2801
Philadelphia, Pennsylvania 19107
Tel: (215) 923-9300
Fax: (215) 923-9302
dnast@nastlaw.com
dgallucci@nastlaw.com
jnroda@nastlaw.com
mburkholder@nastlaw.com
mtarringer@nastlaw.com

***Counsel for Interested Party***
***Plaintiff Kendra Kyndberg***

9