**BEFORE THE**
**UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **In re Apple Inc. Antitrust Litigation** | **MDL No. 3113** |

## RESPONSE TO PLAINTIFFS' MOTION TO TRANSFER ACTIONS PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................................ 1

BACKGROUND ......................................................................................................................... 1

I.      THE GOVERNMENT ACTION .................................................................................. 1

II.     FOLLOW-ON ACTIONS ............................................................................................. 2

ARGUMENT ............................................................................................................................. 3

CONCLUSION ........................................................................................................................... 6

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*In re Corrugated Container Antitrust Litig.*,
   441 F. Supp. 921 (J.P.M.L. 1977)..................................................................................5

*In re Cuisinart Food Processor Antitrust Litig.*,
   506 F. Supp. 651 (J.P.M.L. 1981)..................................................................................5

*In re Epipen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*,
   268 F. Supp. 3d 1356 (J.P.M.L. 2017)..........................................................................4

*In re Fine Paper Antitrust Litig.*,
   446 F. Supp. 759 (J.P.M.L. 1978)..................................................................................5

*In re London Silver Fixing, Ltd., Antitrust Litig.*,
   52 F. Supp. 3d 1381 (J.P.M.L. 2014)............................................................................5

*In re Long-Distance Telephone Service Federal Excise Tax Refund Litig.*,
   469 F. Supp. 2d 1348 (J.P.M.L. 2006)..........................................................................5

*In re McCormick & Co., Inc., Pepper Products Marketing and Sales Practices Litig.*,
   148 F. Supp. 3d 1364 (J.P.M.L. 2015)..........................................................................4

*In re Qualcomm Antitrust Litig.*,
   273 F. Supp. 3d 1373 (J.P.M.L. 2017)........................................................................4, 5

*In re RealPage, Inc., Rental Software Antitrust Litig.*,
   669 F. Supp. 3d 1372 (J.P.M.L. 2023)..........................................................................4

*In re Secondary Ticket Market Refund Litig.*,
   481 F. Supp. 3d 1345 (J.P.M.L. 2020)..........................................................................5

*In re TikTok, Inc., Consumer Privacy Litig.*,
   481 F. Supp. 3d 1331 (J.P.M.L. 2020) ..........................................................................4

*In re U.S. Office of Personnel Management Data Security Breach Litig.*,
   138 F. Supp. 3d 1379 (J.P.M.L. 2015)..........................................................................4

*In re Vehicle Carrier Services Antitrust Litig.*, 978 F. Supp. 2d 1382 (J.P.M.L. 2013) ...................................................................................................................6

### Statutes

15 U.S.C. § 2..........................................................................................................................1

28 U.S.C. § 1407..............................................................................................................1, 3, 4

28 U.S.C. § 1407(a) ...........................................................................................................3

28 U.S.C. § 1407(g) ...........................................................................................................5

N.J.S.A. 59:9-1 to -19 ......................................................................................................1

Wis. Stat. Ch. § 133.03 ....................................................................................................1

## Treatises

Wright & Miller, 15 Fed. Prac. & Proc. Juris. §3864 (4th ed.) ......................................5

## INTRODUCTION

This Judicial Panel on Multidistrict Litigation should grant in part the pending motion to transfer pursuant to 28 U.S.C. § 1407.  The 25 actions noticed to the Panel draw heavily from the same source—the antitrust complaint filed by the Department of Justice and sixteen states against Apple Inc. in the District of New Jersey on March 21, 2024.  These cases—now pending in the District of New Jersey, District of Minnesota, Northern District of Illinois, and Northern District of California—are strikingly similar.  They contain similar if not identical factual allegations, assert the same basic theories of liability, and propose near-identical class definitions.  The efficient course is to centralize these cases in the District of New Jersey, where thirteen of the actions are already pending, so that pretrial proceedings can be overseen, managed, and coordinated alongside the Government's lawsuit.

## BACKGROUND

### I.   THE GOVERNMENT ACTION

On March 21, 2024, the United States and sixteen states filed a complaint in the District of New Jersey against Apple.  *See United States v. Apple Inc.*, 2:24-cv-04055 (D.N.J.), Dkt. 1.  The Government's Complaint focuses on five "examples" of Apple's allegedly anticompetitive conduct related to so-called "super apps." *id.* ¶¶ 10, 60–61, cloud-streaming games, *id.* ¶ 71, messaging, *id.* ¶ 85, smartwatches, *id.* ¶ 100, and digital wallets, *id.* ¶ 111.  Apple vigorously disputes these allegations and the Government's assertions that Apple's alleged conduct unlawfully monopolized or attempted to monopolize a "performance" smartphone (or, in the alternative, smartphone) market under Section 2 of the Sherman Act, 15 U.S.C. § 2, the New Jersey Antitrust Act, N.J.S.A. 59:9-1 to -19, and Wisconsin's Antitrust Act, Wis. Stat. Ch. § 133.03 *et seq. Id.* ¶¶ 165–179.  The case is pending before Hon. Julien X. Neals.

## II.    FOLLOW-ON ACTIONS

Since the Government filed suit, 25 putative class actions have been filed by private plaintiffs in federal district courts across the country (collectively, the "Related Actions").  *See* MDL Dkt. 6-2 (Schedule of Actions filed with Amended Motion to Transfer); MDL Dkt. 12-1 (Schedule of Actions filed with Notice of Potential Tag-Along Actions); MDL Dkt. 29-1 (Schedule of Actions filed with Notice of Potential Tag-Along Actions); MDL Dkt. 35-1 (Schedule of Actions filed with Notice of Potential Tag-Along Actions); MDL Dkt. 38-1 (Schedule of Actions filed with Notice of Potential Tag-Along Actions).  Thirteen are pending in the District of New Jersey before Judge Neals; ten are pending before various judges in the Northern District of California; one is pending in the District of Minnesota; and one action is pending in the Northern District of Illinois.  *See* MDL Dkt. 6-2; MDL Dkt. 12-1; MDL Dkt. 29-1; MDL Dkt. 35-1; MDL Dkt. 38-1.

All of these cases are similar to one another and are largely cloned from the Government's Complaint, with large tranches of the Government's allegations copied verbatim into the follow-on complaints.  *See* MDL Dkt. 6, 2–4.  All 25 cases center on the same five "examples" on which the Government's case focuses.  *See, e.g.*, MDL Dkt. 6-4, *Goldfus v. Apple Inc.*, 2:24-cv-04108 (D.N.J.); MDL Dkt. 6-5, *Kolinsky et al. v. Apple Inc.*, 2:24-cv-04232 (D.N.J.).  They also all assert monopolization and/or attempted monopolization claims, and virtually every case asserts an identical "smartphone" and/or "performance smartphone" market.  *See, e.g.*, MDL Dkt. 6-6, *Levine v. Apple Inc.*, 2:24-cv-04284 (D.N.J.); MDL Dkt. 6-7, *Kurtz v. Apple Inc.*, 2:24-cv-04355 (D.N.J.).  With only minor differences, virtually all of these cases pursue claims on behalf of direct or indirect purchasers of iPhones—with several cases adding additional claims on behalf of alleged Apple Watch purchasers.  *See, e.g.*, MDL Dkt. 6-8, *Collins et al. v. Apple Inc.*, 3:24-cv-01796 (N.D. Cal.); MDL Dkt. 6-9, *Schermer v. Apple Inc.*, 4:24-cv-01815 (N.D. Cal.); MDL Dkt. 12-6,

*Giamanco v. Apple Inc.*, 1:24-cv-01694 (N.D. Ill.).  Plaintiffs in *Chiuchiarelli, et al. v. Apple Inc.*, No. 3:24-cv-01895 (N.D. Cal.) moved to transfer these similar, pending antitrust cases for centralized pretrial proceedings pursuant to 28 U.S.C. § 1407.[1]

## ARGUMENT

Apple agrees that transfer and centralization are appropriate: The pending cases contain many "common questions of fact," and centralization in one forum will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  28 U.S.C. § 1407(a); *see also* MDL Dkt. 6-1, 5–9.  All cases arise from the same set of alleged core facts. That includes not only those cases that parrot the Government's Complaint almost word-for-word, *see, e.g.*, MDL Dkt. 12-7, *Moody et al. v. Apple Inc.*, 2:24-cv-2:24-cv-04560 (D.N.J.), but also those that seek to assert additional legal claims concerning Apple Watch.  *See* MDL Dkt. 12-6, *Giamanco v. Apple Inc.*, 1:24-cv-02694 (N.D. Ill.) (asserting claims on behalf of alleged class of Apple Watch purchasers); MDL Dkt. 6-11, *Chiuchiarelli et al. v. Apple Inc.*, No. 3:24-cv-01895 (N.D. Cal.) (same); MDL Dkt. 29-7, *Leonard v. Apple Inc.*, 5:24-cv-02156 (N.D. Cal.) (same); MDL Dkt. 29-5, *Herrerias et al. v. Apple Inc.*, 3:24-cv-02199 (N.D. Cal.) (same); MDL Dkt. 29-9, *Schwartz et al. v. Apple Inc.*, 5:24-cv-02213 (N.D. Cal.) (same); MDL Dkt. 29-6, *Kane v. Apple Inc.*, 5:24-cv-02193 (N.D. Cal.) (same).    Nearly all of the cases asserting claims on behalf of Watch purchasers *also* assert claims on behalf of iPhone purchasers.  *See, e.g.*, MDL Dkt. 6-11, *Chiuchiarelli et al. v. Apple Inc.*, No. 3:24-cv-01895 (N.D. Cal.).  And in all of the complaints, the

---

[1] All of the Related Actions are brought by alleged consumers.  *See* MDL Dkt. 6-2; MDL Dkt. 12-1; MDL Dkt. 29-1; MDL Dkt. 35-1; MDL Dkt. 38-1.  None involves claims by iOS developers (who are party to agreements with Apple providing for venue in the Northern District of California), or any other types of non-consumer plaintiffs, and Apple takes no position at this time on whether such non-consumer claims would properly be a part of any centralized MDL proceeding.

substantive allegations (including about Apple Watch) closely mirror if not copy verbatim those in the Government's case and, by extension, those in other related cases.  *Compare* MDL Dkt. 12-6, *Giamanco v. Apple Inc.*, 1:24-cv-02694 *with United States v. Apple Inc.*, 2:24-cv-04055 (D.N.J.), Dkt. 1.  It would not be feasible to have multiple class actions proceeding across different jurisdictions, each litigating the same alleged conduct under largely the same legal theories for overlapping classes.  *See, e.g.*, *In re Epipen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, 268 F. Supp. 3d 1356, 1359 (J.P.M.L. 2017) ("Unique legal theories and factual allegations in a particular action, though, are not significant where all the actions arise from a common factual core."); *In re RealPage, Inc., Rental Software Antitrust Litig.*, 669 F. Supp. 3d 1372, 1373–74 (J.P.M.L. 2023) (same); *In re U.S. Office of Personnel Management Data Security Breach Litig.*, 138 F. Supp. 3d 1379, 1380–81 (J.P.M.L. 2015) (same).  All of the Related Actions therefore should be centralized.[2]

But contrary to movants' request, in light of the Government's lawsuit, the appropriate jurisdiction for transfer and centralization is the District of New Jersey.  This Panel considers a variety of factors in selecting a transferee forum, including the location of any related government proceedings, the location of the most pending cases, and witness and party convenience.  *See, e.g.*, *In re Qualcomm Antitrust Litig.*, 273 F. Supp. 3d 1373, 1376 (J.P.M.L. 2017) (selecting the Northern District of California in part because FTC enforcement action was pending there); *In re TikTok, Inc., Consumer Privacy Litig.*, 481 F. Supp. 3d 1331, 1332 (J.P.M.L. 2020) (selecting Northern District of Illinois, notwithstanding defendants' headquarters in in California, in part

---

[2] To the extent any of the Related Actions "involves some unique issues, the transferee judge has the discretion to handle those issues through the use of appropriate pretrial devices," including "section 1407 remand . . . in advance of other actions or claims."  *In re McCormick & Co., Inc., Pepper Products Marketing and Sales Practices Litig.*, 148 F. Supp. 3d 1364, 1366 (J.P.M.L. 2015).

because seven related cases were filed there); *In re Long-Distance Tel. Service Federal Excise Tax Refund Litig.*, 469 F. Supp. 2d 1348, 1350 (J.P.M.L. 2006) (selecting District of Columbia in part because it was convenient for witnesses and parties and would ease coordination between transferee judge and related case in Court of Federal Claims).   In this particular case, only centralization in the District of New Jersey would realize the efficiencies intended by the MDL mechanism.

First, "[a]ntitrust cases are frequently transferred to the district where the government's enforcement action is pending."  Wright & Miller, 15 Fed. Prac. & Proc. Juris. § 3864 (4th ed.); *see also, e.g.*, *In re Qualcomm*, 273 F. Supp. 3d at 1376 (selecting forum in which FTC enforcement action was pending); *In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 654 (J.P.M.L. 1981) (similar); *In re Fine Paper Antitrust Litig.*, 446 F. Supp. 759, 761 (J.P.M.L. 1978) (similar); *In re Corrugated Container Antitrust Litig.*., 441 F. Supp. 921, 924 (J.P.M.L. 1977) (similar).  Doing so minimizes the risk of inconsistent decisions and facilitates coordination by allowing discovery disputes, common legal issues, and other cross-case pre-trial questions to be resolved on a coordinated basis under the same procedural rules.  Overlapping disputes are a near certainty here given the tight parallels between the Government's complaint and private plaintiffs' allegations.  Because the Government's case cannot be transferred by the Panel under 28 U.S.C. § 1407(g), interests of consistency and efficiency militate in favor of transfer to the District of New Jersey.  *See In re London Silver Fixing, Ltd., Antitrust Litig.*, 52 F. Supp. 3d 1381, 1381 (J.P.M.L. 2014) (transferring to a judge already presiding over "a somewhat related MDL").

Second, more than half of all Related Actions are already pending in the District of New Jersey.  *See, e.g.*, *In re Secondary Ticket Mkt. Refund Litig.*, 481 F. Supp. 3d 1345, 1347 (J.P.M.L.

2020) (transferring to district in which half of pending actions were filed).  And the plaintiffs in another case filed in the Northern District of California have sought transfer to New Jersey.  *See Collins et al. v. Apple Inc.*, 3:24-cv-01796 (N.D. Cal.), Dkt. 10, Unopposed Motion to Transfer Venue to the United States District Court for the District of New Jersey.  All cases are in their infancy, and therefore nothing about the posture of the Northern District of California cases favors that jurisdiction.

Third, centralization in the District of New Jersey will be the most efficient course. Avoiding bicoastal litigation—with the attendant risk that all will have to travel to two locations instead of one—will conserve the resources of the parties and the judiciary.  Centralization in New Jersey also will allow the Related Actions—all of which are in their infancy—to be managed and scheduled from their inception in coordination with the Government's case, economizing the resources of the parties and the court.  *See In re Vehicle Carrier Services Antitrust Litig.*, 978 F. Supp. 2d 1382, 1383 (J.P.M.L. 2013) (transferring to the District of New Jersey where there was "no clear focal point for this litigation, which is bi-coastal in nature.").

## CONCLUSION

In this particular case, there are many reasons to centralize this litigation in the District of New Jersey where the Government's case is pending.  In contrast, simultaneous, bicoastal litigation in New Jersey and the Northern District of California will introduce inefficiencies and risk inconsistent rulings.  Apple respectfully requests that the Court transfer and centralize the Related Actions in the District of New Jersey.

Dated:  April 26, 2024

Respectfully submitted,

*/s/ Cynthia E. Richman*

Cynthia E. Richman
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306
Telephone:  202.955.8500
Fax:  202.467.0539
Email:  crichman@gibsondunn.com

*Attorney for Defendant Apple Inc.*