BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION | MDL No. 3113 |

**INTERESTED PARTY PLAINTIFF LISA JOHNSTON KANE'S
RESPONSE IN SUPPORT OF MOTION TO CONSOLIDATE AND TRANSFER**

Pursuant to 28 U.S.C. § 1407 and Rule 6.1(c) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Interested Party Lisa Johnston Kane (plaintiff in *Lisa Johnston Kane v. Apple Inc.*, Case No. 3:24-cv-2156-JD (N.D. Cal.), one of the 23 cases at issue) submits this response in support of the motion for an order coordinating or consolidating all pretrial proceedings in the 23 related actions and transferring those actions to the United States District Court for the Northern District of California. *See* MDL No. 3113, ECF Nos. 1, 6, 12, 29.

Plaintiff Kane agrees that transfer of all 23 putative class actions (as listed in the Amended Schedule of Actions, ECF No. 6-2, and Notices of Potential Tag-Along Actions, ECF Nos. 12, 12-1, 29, 29-1) and any related cases to the Northern District of California for coordinated or consolidated pretrial proceedings is appropriate given the commonality and the scope of the issues presented. All pending actions involve the same or overlapping factual allegations and primary legal claims against the same Defendant: They challenge Apple Inc.'s conduct of designing iPhones to block cross-platform technologies, imposing restrictions and fees on iPhone app creation and distribution, and using "middleware" points to restrict the behavior and innovation of third parties, in order to deter competition and monopolize the smartphone market in violation of the Sherman Act, 15 U.S.C. § 2. All pending actions also propose similar and overlapping class definitions, which cover millions of consumers who have purchased iPhones within the limitations period. Thus, the actions "involv[e] one or more common questions of fact" and transfer will further "the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Coordination or consolidation in the same court will allow centralized management and coordination of class certification, complicated and extensive document and witness discovery, and

dipositive pretrial motions, thereby "eliminat[ing] duplication in discovery, avoid[ing] conflicting rulings and schedules, reduc[ing] litigation costs, and sav[ing] the time and effort of the parties, the attorneys, the witnesses, and the courts." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 410 (2015) (quoting MANUAL FOR COMPLEX LITIGATION (FOURTH) § 20.131).

Moreover, the Northern District of California is the appropriate forum. Because Apple's headquarters are in Cupertino, California, a large majority of the key witnesses, relevant documents, and evidence are located within the subpoena jurisdiction of the Northern District of California. In addition, 10 of the 23 related actions are already pending in the Northern District of California. The judges in the Northern District of California are skilled and experienced in handling multi-district litigation, including MDL cases involving technology companies. Finally, the Northern District of California has a substantially lower caseload than the District of New Jersey.[1]

Accordingly, Interested Party Plaintiff Kane supports transfer and centralization in the United States District Court for the Northern District of California.

Dated: May 3, 2024

Respectfully submitted,

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr.
Albert Y. Chang

  s/ Francis A. Bottini, Jr.  
Francis A. Bottini, Jr.

7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone:  (858) 914-2001
Facsimile:   (858) 914-2002
Email:        fbottini@bottinilaw.com
                achang@bottinilaw.com

*Counsel for Plaintiff Lisa Johnston Kane*

---

[1] *See* Table C – U.S. District Courts – Civil Federal Judicial Caseload Statistics (March 31, 2023), *available at* https://www.uscourts.gov/statistics/table/c/federal-judicial-caseloadstatistics/ 2023/03/31 (last visited May 2, 2024) (approximately 12,700 civil cases pending in the Northern District of California and 62,000 civil cases pending in the District of New Jersey).