**BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: Apple Inc. Smartphone Antitrust Litigation** | **MDL No. 3113** |

**RESPONSE OF PLAINTIFFS ANALI HERRERIAS AND MARIAH NAYERI IN
SUPPORT OF MOTION TO TRANSFER ACTIONS TO THE
NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR
COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Anali Herrerias and Mariah Nayeri, Plaintiffs in the case of *Herrerias v. Apple Inc.*, No. 5:24-cv-02199-VC (N.D. Cal.), submit this response pursuant to 28 U.S.C. § 1407 and Rule 6.2 of Judicial Panel on Multidistrict Litigation Rules of Procedure in support of an order transferring the putative class actions to the Northern District of California for coordinated or consolidated pretrial proceedings before the Honorable Richard Seeborg. *See* MDL No. 3113, ECF Nos. 1, 6, 12, 29. Currently, there are at least 25 pending actions. All the related actions (as set out in ECF Nos. 6-2, 12, 12- 1, 29, 29-1) should be transferred to the Northern District of California because that is where Apple's principal place of business is located and also where most or all of the anticompetitive conduct alleged in the various actions happened.

Indeed, all of the responses to the Motion to Transfer the cases to the Northern District of California (ECF No. 6) have agreed that centralization and coordination is appropriate because the cases all share common facts, claims, and legal issues and are all brought against the same defendant. They just don't agree on the proposed location.

This Panel looks at several factors to decide the proper transferee district, including: (1) the location of relevant witnesses and evidence; (2) whether the district offers a forum that is both convenient and accessible for the parties and witnesses; (3) the positions of the parties; and (4) the experience of the transferee judge and district in navigating the "nuances of complex and multidistrict litigation." *In re: Aggrenox Antitrust Litig.,* 11 F. Supp. 3d 1342, 1343 (J.P.M.L. 2014). Based on these factors, consolidation in the Northern District of California is the superior choice.

First, Defendant Apple is located in Cupertino, which is in the Northern District of California, and thus most of the relevant witnesses and evidence will also be located there. This, by itself, strongly supports transfer to that district. *See In re 23andMe, Inc., Customer Data Sec. Breach Litig.*, No. MDL 3098, 2024 WL 1596923, at *2 (J.P.M.L. Apr. 11, 2024) (data breach cases

centralized in the Northern District of California because the defendant "is headquartered there, and much of the relevant evidence likely will be located there"); *see also In re Hannaford Bros. Co. Customer Data Sec. Breach Litigation,* 559 F. Supp. 2d 1405, 1406 (J.P.M.L. 2008) (Since defendant's headquarters were located in transferee district, "relevant documents and witnesses [were likely to be] found there."). This compares favorably to the District of New Jersey, the other main proposed transferee district, where it is doubtful there will be either relevant documents or witnesses.

Second, the Northern District of California offers the most convenient and accessible forum of all the proposed transferee districts. Traveling to the Bay Area is not difficult and because Apple is headquartered in that district, it will be far more convenient for the witnesses than potentially having to travel across the country. Thus, unsurprisingly, this Panel has frequently chosen the Northern District of California for centralization of multi-district litigation involving Apple. *See In re Apple Inc. Device Performance Litig.,* 291 F. Supp. 3d 1371, 1372 (J.P.M.L. 2018) ("The Northern District of California is an appropriate transferee district for this litigation. This district has a strong connection to these cases."); *In re Apple Inc. App Store Simulated Casino-Style Games Litig.,* 532 F. Supp. 3d 1409, 1411 (J.P.M.L. 2021) (same); *In re: iPhone/iPad Application Consumer Priv. Litig.,* 802 F. Supp. 2d 1363, 1364 (J.P.M.L. 2011) (same); and several others. And further, according to recent statistics, the District of New Jersey has a much higher caseload than the Northern District of California. *See* Table C - U.S. District Courts - Civil Federal Judicial Caseload Statistics (March 31, 2023), available at *https://www.uscourts.gov/statistics-reports/federal-judicial-caseload- statistics-2023-tables*.

The fact that the Department of Justice and several states have chosen to file their case against Apple in the District of New Jersey should not change this analysis. That case is materially

3

different than the private class actions because, unlike the private cases, it seeks only injunctive relief and not monetary damages. Thus, a major component of the private cases will be the development of a viable damage model and determining the amount of damages suffered by the class members. The DOJ case, however, will focus predominantly on enjoining Apple's anticompetitive practices and making the smartphone market once again competitive. So, there should not be any concern about splitting the governmental and private cases. *See*, *e.g.*, *In re Wiring Device Antitrust Litig.,* 444 F. Supp. 1348, 1350 (J.P.M.L. 1978) (sending private class actions to different transferee district than where governmental case was filed).

Third, and finally, there is no question Judge Seeborg is experienced in navigating the "nuances of complex and multidistrict litigation." *In re: Aggrenox Antitrust Litig.,* 11 F. Supp. 3d at 1343. Judge Seeborg has 23 years of judicial experience, and has presided, or is presiding, over at least two antitrust MDLs: *In re Optical Disk Drive Antitrust Litig.,* No. 10-MD-02143- RS (N.D. Cal. Third Am. Compl. filed April 15, 2013) and *In re Xyrem (Sodium Oxybate) Antitrust Litig.,* No. 20-MD-02966-RS (N.D. Cal. Am. Compl. filed March 15, 2024).

Based on all of these factors, the transfer and centralization of all the related actions to the Northern District of California "will facilitate a uniform and efficient pretrial approach to this litigation, eliminate duplicative discovery, prevent inconsistent rulings on expert testimony and other pretrial issues, and conserve the resources of the parties, their counsel, and the judiciary." *In re Baby Food Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, No. MDL 3101, 2024 WL 1597351, at *2 (J.P.M.L. Apr. 11, 2024).

Dated: May 3, 2024

Respectfully submitted,

*/s/ Gayle M. Blatt*
Gayle M Blatt
**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**

110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232
gmb@cglaw.com

*Attorneys for Plaintiffs Herrerias and Nayeri (N.D. Cal. 5:24-cv-02199)*