**BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION** | MDL No. 3113 |

# PLAINTIFFS JENNIFER B. CHIUCHIARELLI, APRIL H. YAMAICHI, KIYOMI ISHII, AND RICHARD K. HOPPER'S REPLY IN SUPPORT OF MOTION TO TRANSFER ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS

# **TABLE OF CONTENTS**

Page

I. FACTUAL BACKGROUND OF THE RELATED ACTIONS ........................................... 1

    A. All Cases Have Common Facts .................................................................................. 1

    B. Where to Centralize the Cases .................................................................................... 2

II. ARGUMENT ................................................................................................................... 3

    A. The Northern District of California is the Single Most Convenient and Accessible .. 3

    B. Apple is Headquartered in the Northern District of California .................................. 4

    C. Location of Relevant Witnesses and Evidence—All in California ............................. 4

    D. The Center of Gravity of the Apple Case is the Northern District of California ........ 5

    E. Position of the Parties .................................................................................................. 6

    F. Experience and Capacity of the Transferee Judge and District .................................. 6

    G. The Transferee District Resources .............................................................................. 8

III. The MDL Can Divide the DOJ Case and Private Actions Because the Cases Are Seeking Different Forms of Relief ........................................................................................ 8

IV. CONCLUSION ................................................................................................................ 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re 23andMe, Inc., Customer Data Sec. Breach Litig.*
No. MDL 3098, 2024 WL 1596923 (J.P.M.L. Apr. 11, 2024)..................................................6

*In re: Aggrenox Antitrust Litig.*
11 F. Supp. 3d 1342 (J.P.M.L. 2014).....................................................................................3

*In re Apple Inc. App Store Simulated Casino-Style Games Litig.*
532 F. Supp. 3d 1409 (J.P.M.L. 2021)...................................................................................4

*In re Apple Inc. Device Performance Litig.*
291 F. Supp. 3d 1371 (J.P.M.L. 2018)...................................................................................4

*In re: Apple Iphone 3G Prod. Liab. Litig.*
630 F. Supp. 2d 1382 (J.P.M.L. 2009)...................................................................................4

*In re: Apple iPhone 4 Prod. Liab. Litig.,*
746 F. Supp. 2d 1357 (J.P.M.L. 2010)...................................................................................4

*In re Apple iPod*
429 F. Supp. 2d 1366, 1368 (J.P.M.L. 2006).........................................................................4

*In re Battlefield Waste Disposal Litigation*
655 F. Supp. 2d 1374 (J.P.M.L. 2009)...................................................................................6

*In re Facebook Internet Tracking Litigation*
844 F. Supp. 2d 1374 (J.P.M.L. 2012) ..................................................................................5

*In re Hannaford Bros. Co. Customer Data Sec. Breach Litigation*
559 F. Supp. 2d 1405 (J.P.M.L. 2008)...................................................................................5

*In re Insurance Brokerage Antitrust Litigation*
360 F. Supp. 2d 1371 (J.P.M.L. 2005)...................................................................................8

*In re International Transp. Surcharge Antitrust Litigation*
460 F. Supp. 2d 1377 (J.P.M.L. 2006)...................................................................................8

*In re: iPhone/iPad Application Consumer Priv. Litig.*
802 F. Supp. 2d 1363 (J.P.M.L. 2011)...................................................................................4

*In re Janus Mut. Funds Inv. Litigation et al.*
310 F. Supp. 2d 1359 (J.P.M.L. 2004)...................................................................................6

*In re Optical Disk Drive Antitrust Litig.*,
  No. 10-MD-02143-RS (N.D. Cal. Third Am. Compl. filed April 15, 2013)..............7

*In re Paxil Products Liability Litigation*,
  296 F. Supp. 2d 1374 (J.P.M.L. 2003)..............................................................6

*In re Pilgrim's Pride Fair Labor Standards Litigation*,
  489 F. Supp. 2d 1381 (J.P.M.L. 2007)..............................................................8

*In re Secondary Ticket Market Refund Litigation*
  481 F. Supp. 3d 1345 (J.P.M.L. 2020)..............................................................3

*In re Thaxton Group Inc. Securities Litigation*
  323 F. Supp. 2d 1374 (J.P.M.L. 2004)..............................................................6

*In re Washington Mut., Inc., Securities, Derivative & ERISA Litigation*
  536 F. Supp. 2d 1377 (J.P.M.L. 2008)..............................................................5

*In re Wiring Device Antitrust Litig.*
  444 F. Supp. 1348, 1350 (J.P.M.L. 1978).....................................................9, 10

*In re Wells Fargo Mortg. Lending Practices Litigation*
  545 F. Supp. 2d 1371 (J.P.M.L. 2008)..............................................................5

**Statutes & Rules**

28 U.S.C. § 1407................................................................................1, 4, 5, 8

N.D. CA Local Rule 3-12(f)(3)..................................................................7

J.P.M.L. Rule 6.1(d).................................................................................1

F.R.C.P. Rule 23 .......................................................................................2

**Other Authorities**

Wrigth & Miller, 15 Fed. Prac. & Proc. Juris. § 3864 (4th ed.) ..................4, 5

Pursuant to 28 U.S.C. § 1407 and JPML Rule 6.1(d) of the Judicial Panel on Multidistrict Litigation ("JPML"), Plaintiffs Jennifer B. Chiuchiarelli, April H. Yamaichi, Kiyomi Ishii, and Richard K. Hopper in the proposed class action *Chiuchiarelli, et al. v. Apple, Inc.,* No. 5:24-cv-01895-VC (N.D. Cal.) ("Plaintiffs"), respectfully submit this **reply memorandum** in further support of their Motion to Transfer the 25 putative class actions against defendant Apple Inc. ("Apple") plus any tag-along or other actions asserting related or similar claims, to the Northern District of California (San Francisco Division) before the Honorable Richard Seeborg, the Chief District Judge for coordinated or consolidated pretrial proceedings.

## I.   FACTUAL BACKGROUND OF THE RELATED ACTIONS

### A.   All Cases Have Common Facts

To date, there have been several responses filed either opposing or in support of Plaintiffs' motion to transfer the Related Actions to the Northern District of California.[1] All parties who have filed responses and oppositions to this motion agree that centralization of the private class actions will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. 28 U.S.C. 1407(a). The parties do not dispute that the class allegations in all 25 cases are common. Plaintiffs explained the similar nature of the Related Actions in their Amended Motion to Transfer, ECF No. 6-1 at 3. In sum, the Related Actions are putative class actions that arise from a common factual core, are all brought against the same defendant, and share common legal claims and issues. As fully briefed in the Motion to Transfer [ECF 1], Plaintiffs' allegations arise from common factual issues regarding Apple's conduct, policies, and procedures and all contend that Apple's actions violated federal and state

---

[1] Plaintiffs files this consolidated reply brief under JPML Rule 6.1(d) in response to Levine's Opp. to Motion to Transfer [ECF 34]; Kurtz's Opp. to Motion to Transfer [ECF 36]; Siano and Walker's Opp. to Motion to Transfer [ECF 39]; Goldfus, Collins Plaintiffs, Dwyer Plaintiffs and Plaintiff Ultra Home Set's Opp. to Motion to Transfer [ECF 40]; Kyndberg's Opp. to Motion to Transfer [ECF 42]; Kolinsky and Rossi's Opp. to Motion to Transfer [ECF 43]; and Apple Inc.'s Response to Motion to Transfer [ECF 44]; Daines and Babb Opp. To Motion to Transfer [ECF No. 52].

statutes. All Related Actions contend that Federal Civil Procedure Rule 23 class certification requirements have been met. Thus, resolution of these common factual and legal questions will rely upon common evidence, especially with regard to class certification. To litigate the Related Actions in separate forums will unnecessarily lead to duplicative discovery and judicial inefficiency. The JPML should grant Plaintiffs' motion to transfer because the Related Actions involve common factual and legal questions and denial would lead to judicial inefficiency. Further, no party filing a response or opposition to the Motion to Transfer has opposed Plaintiffs' request to centralize the Related Actions.

     **B.**     **Where to Centralize the Cases**

The only contested matter before the Panel is *where* the transfer and centralization should occur. At the time of this filing, twenty-five private class action cases have been filed ("Related Actions"). Ten cases were filed in the Northern District of California.[2] Thirteen cases were filed in the District of New Jersey.[3] One case was filed in the Northern District of Illinois[4], and one case was filed in the District of Minnesota.[5] The Department of Justice and 16 state Attorneys General have filed a case in the District of New Jersey.[6]

---

[2] *Collins et al v. Apple Inc.*, Case No. 3:24-cv-01796; *Schermer v. Apple Inc.*, Case No. 3:24-cv-01815; *Dwyer et al v. Apple Inc.*, Case No. 5:24-cv-01844; *Chiuchiarelli et al v. Apple, Inc.*, Case No. 3:24-cv-01895; *Miller et al v. Apple Inc.*, Case No. 3:24-cv-01988; *Loewen v. Apple Inc.*, Case No. 3:24-cv-02006; *Leonard v. Apple Inc.*, Case No. 3:24-cv-02156; *Herrerias et al v. Apple Inc.*, Case No. 3:24-cv-02199; *Kane v. Apple Inc.*, Case No. 4:24-cv-02193; and *Schwartz et al v. Apple Inc.*, Case No. 4:24-cv-02213.

[3] *Goldfus v. Apple Inc.,* Case No. 2:24-cv-04108; *Kolinsky Et Al v. Apple, Inc.*, Case No. 2:24-Cv-04232; *Ultra Home Set, LLC v. Apple Inc.*, Case No. 2:24-Cv-04223; *Levine v. Apple Inc.*, Case No. 2:24-Cv-04284; *Kurtz v. Apple Inc.*, Case No. 2:24-Cv-04355; *Watson v. Apple Inc.*, Case No. 2:24-Cv-04445; *Moody Et Al v. Apple, Inc.*, Case No. 2:24-Cv-04560; *Siano et al v. Apple, Inc.*, Case No. 2:24-Cv-04568; *Melkowski v. Apple Inc.*, Case No. 2:24-Cv-04827; *Crocco v. Apple Inc.,* Case No. 2:24-Cv-05281; *Daines et al v. Apple Inc.*, Case No. 2:24-Cv-05359; and *Marie et al v. Apple Inc.*, Case No. 2:24-Cv-05541; *Aceto v. Apple, Inc.*, Case No. 2:24-cv-05663

[4] *Giamanco v. Apple, Inc.*, Case No. 1:24-cv-02694

[5] *Kyndberg v. Apple, Inc.*, Case No. 0:24-cv-01107.

[6] *United States of America et al v. Apple Inc.*, Case No. 2:24-cv-04055

2

All the Related Actions are in a similar procedural posture.  All the cases were filed between March 22, 2024, and April 26, 2024.  They are all in the very earliest stages of litigation and no dispositive motions have been filed and discovery has yet to commence in any case.

## II.     ARGUMENT

The Panel should transfer the Related Actions, and any similar tag-along actions yet to be filed, to the **Northern District of California** for consolidated or coordinated pretrial proceedings.   In determining the appropriate transferee district, the Panel considers a variety of factors, including: (1) whether the district "offers a forum that is both convenient and accessible for the parties and witnesses"; (2) the location of relevant witnesses and evidence; (3) the positions of the parties; and (4) the experience of the transferee judge and district in navigating the "nuances of complex and multidistrict litigation." *In re: Aggrenox Antitrust Litig.,* 11 F. Supp. 3d 1342, 1343 (J.P.M.L. 2014).

### A.     The Northern District of California is the Single Most Convenient and Accessible

The Northern District of California is particularly convenient for this litigation. The Northern District of California meets the criteria of providing a geographically central forum - and in an age where the bulk of information is stored and transmitted electronically, and hearings are conducted remotely, the fact that the DOJ and state Attorneys General are proceeding in New Jersey does not militate against centralization in the Northern District of California. *See In re Secondary Ticket Market Refund Litigation,* 481 F. Supp. 3d 1345, 1347 (J.P.M.L. 2020) ("We are persuaded that the Northern District of California, where four cases against StubHub are pending and where StubHub is based, is an appropriate transferee district. All actions against StubHub were filed within a few weeks of each other, and no action has advanced significantly further than any other action.").

The judges in the Northern District of California are skilled and experienced in handling multi-district litigation, including MDL cases involving technology companies given the volume

of prominent technology companies and ensuing litigation within the District of the Northern California.

### B.     Apple is Headquartered in the Northern District of California

The Panel has affirmed the Northern District of California numerous times as the appropriate forum when there has been multi-district litigation involving Apple. *See In re Apple Inc. Device Performance Litig.*, 291 F. Supp. 3d 1371, 1372 (J.P.M.L. 2018) ("The Northern District of California is an appropriate transferee district for this litigation. This district has a strong connection to these cases."); *In re Apple Inc. App Store Simulated Casino-Style Games Litig.*, 532 F. Supp. 3d 1409, 1411 (J.P.M.L. 2021) (same); *In re: iPhone/iPad Application Consumer Priv. Litig.*, 802 F. Supp. 2d 1363, 1364 (J.P.M.L. 2011) (same); *In re: Apple iPhone 4 Prod. Liab. Litig.,* 746 F. Supp. 2d 1357, 1358 (J.P.M.L. 2010) (same); *In re: Apple Iphone 3G Prod. Liab. Litig.,* 630 F. Supp. 2d 1382, 1383 (J.P.M.L. 2009) (same); *In re Apple iPod nano Prod. Liab. Litig.,* 429 F. Supp. 2d 1366, 1368 (J.P.M.L. 2006) (same). The Northern District of California has taken Apple MDLs in the past and currently has more capacity to take this case than the District of New Jersey, which to Plaintiffs' counsel's knowledge, has never been assigned an MDL involving Apple.

The relative conditions of the dockets of the possible transferee courts are an important consideration. Wrigth & Miller, 15 Fed. Prac. & Proc. Juris. § 3864 (4th ed.). The Northern District of California has a substantially lower caseload than the District of New Jersey. Based on the last reporting, there are 12,746 civil cases pending in the Northern District of California and 62,015—nearly five times more—civil cases pending in the District of New Jersey.[7]

### C.     Location of Relevant Witnesses and Evidence—All in California

28 U.S.C. 1407 provides "Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such

---

[7] See Table C – U.S. District Courts – Civil Federal Judicial Caseload Statistics (March 31, 2023), available at https://www.uscourts.gov/statistics-reports/federal-judicial-caseload-statistics-2023-tables.

4

proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." "The situs of evidence and the residence of the witnesses and parties have been important factors in many cases." Wright & Miller, 15 Fed. Prac. & Proc. Juris. § 3864 (4th ed.). Here, this factor weighs solely in favor of transfer to the Northern District of California because of the specific location of Apple headquarters. The Northern District of California is the court for centralization under 28 U.S.C.A. § 1407 because Apple's headquarters are in **Cupertino, California**, and the key witnesses, relevant documents and evidence are located within the subpoena jurisdiction of the Northern District of California. This is a key factor that weighs in support of transfer to the Norther District of California compared to the District of New Jersey, where no witnesses or documents or corporate decision making that pertains to this case have been identified.

### D. The Center of Gravity of the Apple Case is the Northern District of California

The "center of gravity" of this case is the Northern District of California. *See, In re Hannaford Bros. Co. Customer Data Sec. Breach Litigation*, 559 F. Supp. 2d 1405, 1406 (J.P.M.L. 2008) (Since defendant's headquarters were located in transferee district, relevant documents and witnesses were likely to be found there.); *See also In re Wells Fargo Mortg. Lending Practices Litigation*, 545 F. Supp. 2d 1371, 1372 (J.P.M.L. 2008) (Case was transferred to district where relevant documents and witnesses, and defendant's headquarters, were located.); *In re Aqua Dots Products Liability Litigation*, 545 F. Supp. 2d 1371, 1372 (J.P.M.L. 2008) (Transferee district was relatively conveniently located with regard to documents and witnesses.); *In re Facebook Internet Tracking Litigation*, 844 F. Supp. 2d 1374, 1374–1375 (J.P.M.L. 2012) ("Two actions and several potentially related actions are already pending in this district. Common defendant Facebook is headquartered in the Northern District of California, where relevant documents and witnesses are located."); *In re Washington Mut., Inc., Securities, Derivative & ERISA Litigation,* 536 F. Supp. 2d 1377, 1378 (J.P.M.L. 2008) (All the actions could be expected to focus on many common events, defendants, and witnesses. Centralization in

the district in which the defendant's headquarters was located would allow the access to witnesses and documents.); *In re Thaxton Group Inc. Securities Litigation,* 323 F. Supp. 2d 1374, 1375 (J.P.M.L. 2004) (Defendant's headquarters, a likely site of documents and witnesses, was in the transferee district.); *In re 23andMe, Inc., Customer Data Sec. Breach Litig.,* No. MDL 3098, 2024 WL 1596923, at *2 (J.P.M.L. Apr. 11, 2024) (granting centralization in the Northern District of California because defendant "is headquartered there, and much of the relevant evidence likely will be located there."). This factor weighs heavily in favor of transferring the case to the Northern District of California and against transferring it to the District of New Jersey.

### E. Position of the Parties

Plaintiffs who filed in New Jersey argue in opposition to Plaintiff Chiuchiarelli's motion that New Jersey is the "center of gravity" because the DOJ/AG case is pending in the District of New Jersey, and more consumer cases have been filed in the District of New Jersey. *See e.g.* Apple Opp. Br., ECF No. 44 at 4; *Goldfus et al* Opp. Br., ECF No. 40 at 13; *Siano et al* Opp. Br. ECF No. 39 at 1.

The cases are basically the same in the number of cases pending in the Northern District of California and in the District of New Jersey. Ten cases are pending in the Northern District of California[8] whereas 13 cases are pending in the District of New Jersey, and one case pending in the District of Minnesota and one case pending in the Northern District of Illinois. Since all 25 of those cases bring class claims on behalf of all affected consumers, this factor does not weigh heavily for either the Northern District of California or the District of New Jersey.

### F. Experience and Capacity of the Transferee Judge and District

The experience and capacity of judge and district are always considered. *In re Janus Mut. Funds Inv. Litigation et al.*, 310 F. Supp. 2d 1359, 1361 (J.P.M.L. 2004); *In re Paxil Products*

---

[8] Two cases filed in the Northern District of California have since requested the JPML transfer the Related Actions to the District of New Jersey: *Collins et al v. Apple Inc.*, Case No. 3:24-cv-01796 & *Dwyer et al v. Apple Inc.*, Case No. 5:24-cv-01844.

*Liability Litigation*, 296 F. Supp. 2d 1374, 1375 (J.P.M.L. 2003) (same) *In re Battlefield Waste Disposal Litigation*, 655 F. Supp. 2d 1374, 1375 (J.P.M.L. 2009) (same).

In this multidistrict litigation, all of the District New Jersey cases have been transferred to Judge Julien Xavier Neals. Judge Neals received his judicial commission on June 22, 2021. With the greatest respect, and while Judge Neals has presided over class actions, Judge Neals has not supervised an MDL and has only been a district court judge for less than three years. Judge Neals has an indisputably impressive background, but he has no experience in handling a complex, nationwide MDL with a parallel governmental action.

Judge Richard Seeborg, the Chief Judge of the District in the Northern District of California, the lowest number judge to be assigned to an action in the Northern District of California is well equipped to handle this MDL Action.⁹ Judge Seeborg received his first judicial appointment as a Magistrate Judge in 2001 and received his judicial commission to the Northern District of California on January 4, 2010. Judge Seeborg has had 23 years judicial experience, and 14 years as an Article III judge. Judge Seeborg has presided over at least two antitrust multi-district litigations. *In re Optical Disk Drive Antitrust Litig.*, No. 10-MD-02143-RS (N.D. Cal. Third Am. Compl. filed April 15, 2013) (antitrust case); *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, No. 20-MD-02966-RS (N.D. Cal. Am. Compl. filed March 15, 2024) (antitrust case). No party filing a response has contested the qualifications of Judge Seeborg.¹⁰

---

⁹ Under the Northern District of California Local Rule 3-12(f)(3), the Judge assigned to the lowest numbered case decides if the later filed cases are related to it, and if so, will reassign later filed cases to his docket. Currently, Judge Seeborg has stayed the case pending a decision from the JPML Panel.

¹⁰ The Collins Plaintiffs in *Collins et al v. Apple Inc.,* 24-cv-1796RS (filed Mar. 22, 2024, N.D. CA), currently pending before Judge Seeborg, filed their Complaint one day after the DOJ filed their Complaint in the District of New Jersey, duplicating the DOJ Complaint, and choosing to file a case in the Northern District of California. On April 4, the Collins Plaintiffs reversed

7

### G. The Transferee District Resources

In addition to the experience of the judge, the panel will consider whether the transferee district had resources available to manage multidistrict litigation. *In re Pilgrim's Pride Fair Labor Standards Litigation*, 489 F. Supp. 2d 1381, 1381 (J.P.M.L. 2007); *In re International Transp. Surcharge Antitrust Litigation*, 460 F. Supp. 2d 1377, 1379 (J.P.M.L. 2006) (Panel considers whether the "district is well equipped with the resources that this complex antitrust docket is likely to require."); *In re Insurance Brokerage Antitrust Litigation,* 360 F. Supp. 2d 1371, 1373 (J.P.M.L. 2005)( "[T]he district is equipped with the resources that this complex antitrust docket is likely to require.").

According to the most recent Federal Court Management Statistics less than a tenth (8.9%) of cases pending in the Northern District of California are over 3 years old, while in contrast nearly a quarter (22.5%) of cases pending in the District of New Jersey are over 3 years old. There are five times as many open cases in the District of New Jersey and a far greater portion of those take over three years to resolve. The Northern District of California has the technology, ability, and bandwidth to handle complex class actions and Judge Seeborg who has previously presided over antitrust MDL matters is more than qualified to handle the proceedings. Considering these circumstances, the JPML should grant Plaintiff's motion to transfer under Section 1407.[11]

### III. The MDL Can Divide the DOJ Case and Private Actions Because the Cases Are Seeking Different Forms of Relief

The fact that the DOJ case was filed in New Jersey is not dispositive. In many instances the JPML has decided to not transfer cases and the private cases coordinate with a pending government action in a separate district. *In In re Wiring Device Antitrust Litig.*, there was a

---

course and filed a Motion to Transfer the Case to the District of New Jersey (*Collins case* ECF No. 10). In response, Judge Seeborg *sua sponte* stayed the case pending this Motion to Transfer before the JPML. (*Collins* case, ECF No. 15)

[11] Federal Court Management Statistics, December 2021, United States Courts, https://www.uscourts.gov/statistics-reports/federal-court-management-statistics-december-2021. (Last accessed: April 30, 2024).

8

governmental civil proceeding pending in the District of Connecticut. However, the JPML transferred all the private class action cases to the Eastern District of New York. In doing so, the JPML stated, "We are confident that communication and cooperation between the judges handling the private and Government actions, together with the cooperation and assistance of the Government, all parties and their counsel, will be sufficient to accomplish any further coordination which may be necessary between the Government and private actions, including the consideration of any requests that the private litigants may make for additional grand jury and other materials involved in the Government proceedings." 444 F. Supp. 1348, 1350 (J.P.M.L. 1978).

The DOJ case is qualitatively different from the 25 private class actions. All 25 private class action complaints seek **monetary damages**. The DOJ complaint seeks **injunctive relief**, attorneys' fees and costs, but does not seek monetary damages. Because the 25 private actions seek monetary damages, a major focus of the private class action cases will be the injury to Plaintiffs and the classes to their businesses and property as a result of Apple's unlawful conduct. In contrast, the major focus of the DOJ case, in seeking solely injunctive relief, will be to enjoin Apple from continuing to engage in anticompetitive practices and to restore competitive conditions in the markets affected by Apple's unlawful conduct. These differences make it straightforward to divide the government and private actions.

## IV.    CONCLUSION

After considering the relevant factors, Plaintiffs respectfully request that the JPML grant their motion to transfer the Related Actions from the various United States District Courts in which they are now pending to the Northern District of California for coordinated or consolidated pretrial proceedings before Judge Richard Seeborg, Chief Judge of the Northern District of California, and that the DOJ case for injunctive reliefs remains in New Jersey. *In Writing Device,* 444 F. Supp. 1348, 1350 (J.P.M.L. 1978) makes clear, and in many other JPML cases, the JPML Panel has decided leave cases separated where cases seek different forms of relief and/or have different or additional parties.

Respectfully submitted,

Dated: May 3, 2024

/s/ *Karin B. Swope*
JOSEPH W. COTCHETT (SBN 36324)
ADAM ZAPALA (SBN 245748)
ELIZABETH CASTILLO (SBN 280502)
GRACE PARK (SBN 239928)
ELLE D. LEWIS (SBN 238329)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Fax: (650) 697-0577
jcotchett@cpmlegal.com
azapala@cpmlegal.com
ecastillo@cpmlegal.com
gpark@cpmlegal.com

KARIN B. SWOPE (*pro hac vice*)
**COTCHETT, PITRE & McCARTHY, LLP**
999 N. Northlake Way, Suite 215
Seattle, WA 98103
Telephone: (206) 802-1272
kswope@cpmlegal.com

Attorneys for Plaintiffs Jennifer B. Chiuchiarelli, April H. Yamaichi, Kiyomi Ishii, and Richard K. Hopper and the Proposed Class in *Chiuchiarelli, et al. v. Apple, Inc.*, No. 3:24-cv-01895-VC (N.D. Cal.)