BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION | MDL No. 3113 |

**INTERESTED PARTIES, PLAINTIFFS ZACHARY SCHWARTZ AND BERNADETTE LIONETTA'S RESPONSE IN SUPPORT OF MOTION TO TRANSFER ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407**

Plaintiffs Zachary Schwartz and Bernadette Lionetta file this response in support of *Chiuchiarelli* Plaintiffs' Motion to Transfer the related class actions, and tag-along cases, against defendant Apple Inc. ("Apple") and for centralization before the Honorable Richard Seeborg, Chief District Judge of the Northern District of California pursuant to 28 U.S.C. § 1407 and JPML Rule 6.1.

No party has opposed consolidation, and the requirements of 28 U.S.C. § 1407 are met. With Apple headquartered in Cupertino, California, the Northern District of California is clearly the most convenient forum with the judicial resources and experience to manage this MDL. The pendency of related antitrust actions filed by the Department of Justice and state Attorneys General in New Jersey does not change this analysis and will not complicate the proceedings because counsel and judges can coordinate among the different venues. There are numerous cases where simultaneous governmental enforcement and consumer class actions proceed in different venues with efficiency and without complications. For example, in *In Re: Google Digital Advertising Antitrust Litigation* (MDL No. 3010), the advertisers' case proceeds in the Southern District of New York, while parallel antitrust actions filed by the Department of Justice and various state Attorneys General proceed in the Eastern District of Virginia and the Eastern District of Texas, respectively. Counsel for the *Schwartz* Plaintiffs are co-lead counsel for the advertisers and the

parties in those cases and have been able to coordinate efforts and avoid unnecessary duplication of discovery.

The Northern District of California is the superior venue for this MDL.

I.  ARGUMENT

   A.  **The Northern District of California Is the Appropriate Transferee Forum**

The Panel should transfer the Related Actions, and any similar tag-along actions yet to be filed, to the Northern District of California for consolidated or coordinated pretrial proceedings. In determining the appropriate transferee district, the Panel considers a variety of factors, including: (1) whether the district "offers a forum that is both convenient and accessible for the parties and witnesses"; (2) the location of relevant witnesses and evidence; (3) the positions of the parties; and (4) the experience of the transferee judge and district in navigating the "nuances of complex and multidistrict litigation." *In re: Aggrenox Antitrust Litig.*, 11 F. Supp. 3d 1342, 1343 (J.P.M.L. 2014).

The Northern District of California is particularly convenient for this litigation. Apple is headquartered in Cupertino, California in the Northern District of California. The key witnesses, relevant documents, and evidence all are located within the subpoena jurisdiction of the Northern District of California. The "center of gravity" of this case thus is the Northern District of California. See, *In re Hannaford Bros. Co. Customer Data Sec. Breach Litigation*, 559 F. Supp. 2d 1405, 1406 (U.S.J.P.M.L. 2008) ("Since defendant's headquarters were located in transferee district, relevant documents and witnesses were likely to be found there."). The Panel has centralized numerous litigation involving Apple there in recent times. *See, e.g.*, *In re Apple Inc. Device Performance Litig.*, 291 F. Supp. 3d 1371, 1372 (J.P.M.L. 2018) ("The Northern District of California is an appropriate transferee district for this litigation. This district has a strong connection to these

cases."). Given the number of prominent technology companies and related litigation, the judges in the Northern District of California are extremely skilled and experienced in handling MDL cases involving technology companies as well as major antitrust cases. (See., e.g., *In re: Google Play Store Simulated Casino-Style Games Litigation* (MDL No. 3001); *In re: Apple Inc. App Store Simulated Casino-Style Games Litigation* (MDL No. 2985); *In Re: Qualcomm Antitrust Litigation* (MDL No. 2773).)

The relative conditions of the dockets of the possible transferee courts are also an important consideration. Wright & Miller, 15 Fed. Prac. & Proc. Juris. § 3864 (4th ed.). The Northern District of California has a substantially lower caseload than the District of New Jersey. Based on the last reporting, there are 12,746 civil cases pending in the Northern District of California and 62,015- nearly five times more civil cases pending in the District of New Jersey.[1] Also, less than a tenth (8.9%) of cases pending in the Northern District of California are over three years old, while in contrast nearly a quarter (22.5%) of cases pending in the District of New Jersey are over three years old.[2] There are five times as many open cases in the District of New Jersey, and a far greater portion of those take over three years to resolve.

Judge Richard Seeborg, the Chief Judge for the Northern District of California, was the first judge in the Northern District of California to be assigned one of the Related Actions. He is well equipped to handle this MDL. Judge Seeborg received his first judicial appointment as a Magistrate Judge in 2001, and received his judicial commission to the Northern District of

---

[1] See Table C - U.S. District Courts - Civil Federal Judicial Caseload Statistics (March 31, 2023), available at https://www.uscourts.gov/statistics-reports/federal- judicial-caseload- statistics-2023-tables.
[2] Federal Court Management Statistics, December 2021, United States Courts, https://www.uscourts.gov/statistics-reports/federal-court-management-statistics-december-2021 (last accessed May 3, 2024).

California on January 4, 2010. Judge Seeborg has 23 years of judicial experience, and 14 years as an Article III judge. Judge Seeborg has presided over at least two antitrust multi-district litigations. *In re Optical Disk Drive Antitrust Litig.*, No. 10-MD-02143- RS (N.D. Cal. Third Am. Compl. filed April 15, 2013) (antitrust case); *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, No. 20-MD-02966-RS (N.D. Cal. Am. Compl. filed March 15, 2024) (antitrust case).

In comparison, all of the District New Jersey cases have been transferred to Judge Xavier Neals. Judge Neals received his judicial commission in June 2021. Although Judge Neals certainly is an accomplished jurist, respectfully, he does not yet have experience in handling a complex, nationwide MDL with a parallel governmental action.

**B.   The Department of Justice and State Attorneys General Can Proceed on Parallel Tracks with a Consumer Action Outside the District of New Jersey**

The filing of cases by the Department of Justice and by state Attorneys General in the District of New Jersey does not move the center of gravity from the Northern District of California, nor will it unduly complicate the case to centralize this MDL in the Northern District of California.

First, the DOJ/State case and the private class actions seek different relief. The DOJ/State Complaint seeks injunctive relief and attorneys' fees and costs, but does not seek the monetary damages sought in the privacy class actions. Therefore, a major focus of the private class action cases is likely to be the injury to class members. In contrast, the major focus of the DOJ/State case will be to enjoin Apple from continuing to engage in anticompetitive practices. This different focus will lead to two different, but parallel litigations appropriate for different venues.

Counsel for *Schwartz* Plaintiffs currently is representing plaintiffs in *In Re: Google Digital Advertising Antitrust Litigation* (MDL No. 3010) which will shortly be proceeding to trial on related antitrust claims in three separate venues: (i) the US Department of Justice case is proceeding against Google in the Eastern District of Virginia; (ii) Attorneys General of 16 states

4

and the Commonwealth of Puerto Rico are proceeding against Google in the Eastern District of Texas; and (iii) advertisers, publishers, newspapers, and a competitor are proceeding against Google in the Southern District of New York. Those cases have been able to proceed on parallel tracks with three different judges without presenting major obstacles, and the parties continue to coordinate discovery for efficiency.

Similarly, here the simple fact that antitrust cases brought by federal and state authorities are pending in the District of New Jersey does not necessitate the transfer of consumer antitrust cases in front of the same judge. In fact, it may be preferable to divide the work between judges as the legal issues will vary between government and private plaintiffs.

## II.     CONCLUSION

For the reasons stated above, and in *Chiuchiarelli* Plaintiffs' Memorandum and accompanying Motion, *Schwartz* Plaintiffs encourage the Panel to centralize the actions in the Northern District of California before Judge Richard Seeborg.

Respectfully submitted,

Dated: May 3, 2024

*/s/ Tina Wolfson*
Tina Wolfson
*twolfson@ahdootwolfson.com*
Theodore W. Maya
*tmaya@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
Tel: (310) 474-9111
Fax: (310) 474-8585

*Counsel for Plaintiffs Zachary Schwartz and Bernadette Lionetta,* Case No. 4:24-cv-02213-DMR (N.D. Cal.)