BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION | MDL No. 3113 |

**INTERESTED PARTY RESPONSE OF PLAINTIFF AARON MAXA
IN OPPOSITION TO TRANSFER RELATED ACTIONS TO THE
NORTHERN DISTRICT OF CALIFORNIA AND IN SUPPORT OF TRANSFER AND
CENTRALIZATION IN DISTRICT OF NEW JERSEY**

Plaintiff Aaron Maxa (Case No. 24-cv-639, W.D. Pa.) opposes transfer to the Northern District of California and supports transfer and centralization in the District of New Jersey. For the reasons more fully set forth in the briefs in opposition to the motion to transfer (JMPL Dkt. Nos. 36 & 40), Plaintiff Maxa believes that because the action filed by the United States Department of Justice and 16 state attorneys general (the "Government action") will proceed in the District of New Jersey, centralization in that district will promote judicial economy and the fair administration of justice. The Government action concerns substantially similar facts and allegations as the private actions, which primarily relate to anticompetitive means to monopolize or attempt to monopolize the performance smartphone and smartphone markets and/or the smartwatch market in the United States.[1]

Judge Julien Xavier Neals, the judge assigned to the private actions in the District of New Jersey, also presides over the Government action. Judge Neals will therefore hear and resolve

---

[1] Unlike the Government action and other private cases, Plaintiff Maxa's action also includes a claim based on Maxa's purchase of an iPad and the attempted monopolization of the tablet market. Besides this difference, Maxa's action is substantially similar to these other lawsuits, and centralization is therefore warranted. *See In re Insulin Pricing Litig.*, No. MDL 3080, 2023 WL 5065090, at *2 (J.P.M.L. Aug. 3, 2023) ("[T]he assertion of different legal claims or additional facts is not significant where, as here, the actions arise from a common factual core.").

many of the overlapping factual and legal issues in the Government and private actions. As a result, transfer to where the Government action is also pending is appropriate because "judicial efficiency would be promoted by having all actions under the supervision of the same judge." *See In re Mut. Fund Sales Antitrust Litig.*, 361 F. Supp. 638, 640 (J.P.M.L. 1973). This Panel consistently transfers private cases to where a similar government action is pending for this reason. *See id.*; *In re Crop Protection Prods. Loyalty Program Antitrust Litig.*, 655 F. Supp. 3d 1380, 1382 (J.P.M.L. 2023); *In re Qualcomm Antitrust Litig.*, 273 F. Supp. 3d 1373 (J.P.M.L. 2017); *In re Salomon Bros. Treasury Sec. Litig.*, 796 F. Supp. 1537, 1538 (J.P.M.L. 1992).

Judge Neals has extensive legal experience and judicial experience in antitrust matters. *See Veeva Systems Inc. v. IQVIA Inc., et al.*, 2:19-cv-18558 (D.N.J.); *In re: Copaxone Antitrust Litig.*, 2:22-cv-01323 (D.N.J.). Furthermore, the District of New Jersey "is well equipped with the resources that this complex antitrust docket is likely to require." *See In re Hypodermic Prods. Antitrust Litig.*, 408 F. Supp 2d 1356, 1357 (J.P.M.L. 2005). Judge Neals' chambers are in Newark, New Jersey, a conveniently located city that is easily accessible via multiple major airports. *See In re Ins. Brokerage Antitrust Litig.*, 360 F. Supp. 2d 1371, 1373 (J.P.M.L. 2005) ("In concluding that the District of New Jersey is an appropriate forum for this docket, we note that i) the district offers an accessible metropolitan location that is geographically convenient for many of this docket's litigants and counsel; and ii) the district is equipped with the resources that this complex antitrust docket is likely to require."); *see also, e.g.*, *In re: Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices and Prods. Liab. Litig.*, 220 F. Supp. 3d 1356, 1359 (J.P.M.L. 2016) (District of New Jersey is "a convenient and accessible forum for this nationwide litigation.").

Lastly, Plaintiff Maxa notes that the majority of private cases—eighteen out of thirty-one—support transfer to the District of New Jersey, which also warrants transfer. *See, e.g.*, *In re Tasigna*

*(Nilotinib) Prods. Liab. Litig.*, 555 F. Supp. 3d 136, 1365 (J.P.M.L. 2021).

      Accordingly, the Panel should transfer and centralize this MDL to the District of New Jersey.

Dated: May 15, 2024                              **JANOVE PLLC**

                                                    By:   */s/ Raphael Janove*
                                                    Raphael Janove
                                                    PA Bar #328568
                                                   1617 John F. Kennedy Blvd, 20th Fl.
                                                   Philadelphia, PA 19103
                                                   Raphael@Janove.law

                                                   *Attorneys for Plaintiff Aaron Maxa and the Proposed Classes*